## GRONAN v. KUKKUCK ET AL.

1. **Assault and Battery:** PROVOCATION TO MITIGATE DAMAGES. In an action for damages for assault and battery, it is the settled rule of this State that provocation given at the time of the assault, or within a prior time so recent as to justify the presumption that the offense was committed under the influence of passion excited thereby, may be shown in mitigation of damages; but if time for reflection intervened (one day in this case) after the provocation, it will not extenuate the violence.

2. ———: PLEADING: MENTAL PAIN. As mental pain is the natural and inevitable result of personal injuries, damages therefor need not be specially claimed in a petition in a cause for assault and battery.

3. **Practice:** EXCLUDING ANSWER OF WITNESS: ERROR NOT PRESUMED. The fact proposed to be established, or the evidence intended to be elicited by a question, must appear, in order to justify the conclusion that the ruling of the court in refusing permission of the witness to answer it was prejudicial error.

4. **Instructions:** ALL THE LANGUAGE MUST BE CONSIDERED. Objections to instructions which do not regard all the language used therein will not be considered.

5. **Assault and Battery:** MITIGATION OF DAMAGES. It is no ground for mitigation of damages for an assault and battery that the plaintiff denied making statements derogatory to the character of defendant, whereby defendant was greatly provoked.

6. ———: INSTRUCTION: MEASURE OF DAMAGES. In an action for an assault and battery, where the defendant asked an instruction to the effect that the plaintiff cannot recover for permanent injuries, unless they are proved by the preponderance of the evidence, it was not error for the court to add to such instruction a modification to the effect that if the jury found plaintiff entitled to recover for injuries from which he had not recovered, they should consider the length of time it will require him to recover as shown by the evidence.

*Appeal from Jackson Circuit Court.*

WEDNESDAY, JUNE 14.

ACTION to recover damages sustained by reason of an assault and battery committed by defendants upon the plaintiff. There were a verdict and judgment for plaintiff; defendants appeal.

*A. R. Bartholomew* and *A. R. Cotton*, for appellant.

*W. C. Grohe* and *L. N. Ellis*, for appellee.

BECK, J.—I. The petition charges that the assault and battery was committed by both of the defendants but the evidence shows that violence was used by Henry Kukkuck alone, and that the other defendant, his father, was present encouraging the son and instigating the assault. The answer of the son pleads, as justification, that plaintiff in the son's presence pronounced a statement, then made by the father, a lie. In separate answers the defendants denied all allegations of the petition. The alleged errors complained of by defendants will be considered in the order we find them discussed by counsel.

II. The court directed the jury that no words used by the plaintiff would justify the assault, but words of provocation used just before and at the time of the assault should be considered in mitigation of exemplary damages, and added to the instruction the following words: "But no words used by plaintiff to the defendants, or either of them, before the day of assault, or which came to their knowledge before that time, should be considered by you for any purpose."

1. ASSAULT and battery: provocation to mitigate damages.

Provocation given at the time of the assault or within a prior time so recent as to justify the presumption that the offense was commited under the influence of passion, excited thereby, may be shown in mitigation of damages. But if time for reflection intervened after the provocation, it will not extenuate the violence. This is the settled rule of this State. *Thrall v. Knap*, 17 Iowa, 468; *Ireland v. Elliott*, 5 Id., 478. A provocation arising on a day prior to the assault cannot be shown in mitigation of damages, for the law presumes sufficient time intervened before the assault to allow the passions to subside and reason to regain control of the mind.

The doctrine of the instruction sustains the ruling of the Circuit Court in excluding evidence of conversations and de-

clarations of the plaintiff, alleged to have occurred prior to the day of the assault, which were offered in extenuation thereof.

III. The court directed that mental pain suffered by the plaintiff should be considered by them as an element of dam-

**2. ——:**
**pleading:**
**mental pain.**
ages. Counsel for defendant insist that as there is no allegation and claim in the petition, based upon mental pain suffered by plaintiff, he cannot recover therefor in this action. But as mental pain is the natural and inevitable result of personal injuries, damages therefor need not be specially claimed.

IV. The son, while testifying for defendants, was asked by their counsel this question: "State whether or not it was

**3. PRACTICE:**
**excluding**
**answer of**
**witness: error**
**not presumed.**
in any way understood between you and your father that plaintiff should be assaulted." An objection by plaintiff was sustained. The record does not show what fact was proposed to be proved by the answer. The fact proposed to be established or the evidence intended to be elicited by the question must appear, in order to justify the conclusion that the ruling of the court in refusing permission to the witness to answer it was prejudicial error. See *Jenks v. Knotts Mexican Silver Mine Co.*, 58 Iowa, 549. Another objection, based upon the court's refusal to permit an answer to a question relating to the reputation of one of the defendants, is disposed of by the application of the foregoing rule.

V. An instruction to the effect that the father is liable if he acted in concert with the son, knowing his intention to assault the plaintiff, is objected to, on the ground that no such concert of action can be inferred from the evidence. We think differently, and that there was testimony to which the instruction was applicable.

VI. The same instruction is objected to on the ground that it holds the father liable if he had knowledge of the son's

**4. INSTRUC-**
**TIONS: all**
**language must**
**be considered.**
intentions. But the instruction is qualified by the condition that if the assault was made pursuant to the son's intentions in the presence of

the father, without any objection on his part, and he aided and abetted or encouraged the son, he is liable. The instruction is correct.

VII. Counsel object to the sixth instruction, on the ground that it inferentially holds the father liable if he failed to make an attempt to prevent the son's assault, but the objection leaves out of view a part of the language to the effect that liability would be incurred by aiding and encouraging the son.

Other objections to instructions are based upon like constructions which do not regard all the language used therein. These objections need not be further noticed.

VIII. An instruction was asked, by the son, to the effect that the denial of plaintiff that he had made statements derogatory to the character of defendant, whereby defendant was greatly provoked, should be considered in mitigation of damages. It seems to us that the fact assumed by the instruction instead of extenuating defendants' assault adds to the wrong. Surely the denial of the words ought to have had the effect of abating defendant's feeling instead of exciting him to violence.

*5. ASSAULT and battery: mitigation of damages.*

IX. Counsel complain of the modification of an instruction asked by defendant to the effect that plaintiff cannot recover for permanent injuries unless they are proved by the preponderance of the evidence. The modification consisted in adding thereto a direction that if the jury found plaintiff entitled to recover for injuries from which he has not recovered, they should consider the length of time it will require him to recover as shown by the evidence. The modification announces a correct rule and it seems necessary in order to fairly present the law applicable to plaintiff's measure of damages. We discover no possible ground of prejudice to defendants by uniting it with the instruction asked by them.

*6. ———: instructions: measure of damages.*

The foregoing discussion disposes of all questions argued by counsel.

It is our opinion that the judgment of the Circuit Court ought to be AFFIRMED.