[No. 11434.   In Bank. — January 18, 1887.]

WILLIAM DECLEZ, APPELLANT, v. CELESTIN SAVE, RESPONDENT.

VERDICT — CONFLICT OF EVIDENCE. — Where the evidence is substantially conflicting, a verdict will not be disturbed on the ground that the evidence is insufficient to justify it.

ID. — VERDICT AGAINST LAW — INSTRUCTIONS. — A verdict contrary to an instruction of the court upon a point of law is a verdict against law.

ID. — Upon a review of the evidence, *held*, that the verdict, under the instructions of the court, is not against law.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion.

*George J. Denis*, and *Chapman & Hendrick*, for Appellant.

*J. Brousseau*, for Respondent.

SEARLS, C. — This is an action to recover damages in the sum of five thousand dollars for slanderous words

alleged to have been spoken by the defendant of and concerning plaintiff.

Defendant had a verdict and judgment, from which judgment, and from an order denying a new trial, plaintiff appeals.

Objection is made by respondent to the statement on motion for a new trial, in that it fails to contain a sufficient specification of the errors relied upon.

In the view we take of the case, this objection is not of practical importance.

There was such substantial conflict in the evidence that the verdict cannot be disturbed upon the ground of insufficiency of the evidence to justify the verdict.

The main objection to the verdict is, that it is against law, in that it is in disregard of the admissions of the pleadings and the instructions of the court.

The answer is a general denial of each and every allegation of the complaint, and no justification is pleaded.

The contention of appellant is, that the slanderous words are in effect admitted by defendant's testimony; no justification attempted; there being no dispute as to how the words uttered by defendant were understood by those who heard them, and the court having instructed the jury as to the slanderous character of the language, the verdict is against law.

A verdict in disobedience to the instructions of the court upon a point of law is a verdict "against law." (*Emerson* v. *Santa Clara*, 40 Cal. 545; *Bunten* v. *Orient Ins. Co.*, 4 Bosw. 262.)

The complaint shows that the plaintiff and defendant were directors of an association engaged in publishing a newspaper in Los Angeles.

The association was in possession of a part of Merced Hall as sub-lessees thereof.

Plaintiff by authority of the board of managers or directors, and with the knowledge of defendant, contracted for and procured the construction of a partition through

the hall, at an expense of $75.86, which sum was paid therefor.

At a meeting of the directors held thereafter, and on the fifth day of January, 1885, the defendant, in speaking of the partition, accused the plaintiff with having pocketed the money, and averred the partition had not cost what plaintiff claimed it had, etc. The complaint contains apt words showing that defendant meant to charge, and was understood by those who heard him to charge, plaintiff with embezzling the funds of the association, etc. ·

The testimony on behalf of the plaintiff tended to establish substantially, but not very accurately, the charges as laid.

On behalf of defendant there was testimony tending to show that a portion of Merced Hall was occupied by a club,.of which plaintiff was an officer; that plaintiff, defendant, and a third person were appointed to put up the partition in question, and after measurement and estimates, concluded it could be done for forty-five to fifty dollars, and thereupon defendant told plaintiff to have the job performed at an expense not exceeding that sum; that the partition was made different from the proposed plan, for the benefit of the club, and at a greater expense than was necessary, and that the substance of defendant's charge was that plaintiff had taken the money of the newspaper company and expended it for the benefit, not of that company, but of the club.

The parties are Frenchmen, and the testimony was in the French language, and may have suffered in the translation; at all events, it is lacking in explicitness and certainty, and while we may think the weight of testimony was with the plaintiff, we cannot say that it was so clearly in his favor as to warrant the conclusion that in view of such testimony and under the instructions of the court the verdict is "against law."

The instructions were correct as propositions of law, and applicable to the case as presented.

The judgment and order appealed from should be affirmed.

Foote, C., and Belcher, C. C., concurred.

The Court. — For the reason given in the foregoing opinion, the judgment and order are affirmed.