THOMAS F. QUINBY *vs.* MINNESOTA TRIBUNE COMPANY.

June 15, 1888.

**Libel—Mitigation—Provocation by Libel of Defendant by Plaintiff.—** In an action for libel, the fact that the publication was induced by passion caused by a previous provoking publication of the plaintiff (irrelevant to the subject of the libel) will not be considered in mitigation of damages, where there has been time for hot blood to cool. An answer alleging such a provoking publication the day previous to the libel in question, *held* properly stricken out, the two publications being independent transactions in no way relevant to each other, and there being no averment as to the time when this publication came to the knowledge of the defendant.

Appeal by defendant from an order of the district court for Hennepin county, *Rea,* J., presiding, striking out portions of the answer.

*Miller & Young,* for appellant.

*Davis & Hidden,* for respondent.

DICKINSON, J.   The complaint included as a cause of action an allegation of the publishing by the defendant in its newspaper, on the 18th day of April, of an alleged libellous article imputing to the plaintiff, who is a physician and surgeon, malpractice in the setting of a broken arm.   The whole article was as follows, the latter part of it constituting the libel complained of: "The Sunday Globe was very much wrought up over a brutal jest, which had thrown an alleged prominent physician into a fit of hysterics.   If the alleged prominent physician was so very much shocked, and so fully realized the enormity of the offence, why did he go so far out of his way to spread 'the cold-blooded brutality?'   It may not be out of place to suggest to the alleged prominent physician that he mind his own business.   Then, perhaps, people would not be shocked by such cold-blooded brutality as setting a man's broken arm in such a manner as to necessitate breaking it over again in order to do it right." The defendant alleged in its answer that this publication was made in a moment of heat and passion, induced by the previous publication, at the instance of the plaintiff, in another newspaper—the Globe— on the 17th day of April, of an article commenting on a paragraph which had been published in the defendant's newspaper on the 16th day of April, and which, in the Globe publication, was designated as "a brutal jest," and was further characterized by the terms "cold-blooded brutality and heartlessness."   This part of the answer was stricken out upon motion, and the defendant appealed.

The question thus presented is, whether proof of these facts should be allowed in mitigation of damages?   In itself the matter published in the Globe was irrelevant to the issue in this case.   It related to a subject entirely foreign to the subject involved in the alleged libel. It is probably true that the allusion in the first two sentences of the alleged libellous article is to this publication in the Globe, but that is of no consequence, for in no other way is it connected with the defamatory language which follows.   By thus referring to the matter published in the Globe, the defendant could not establish a right to introduce that article in evidence, if the article was otherwise irrele-

vant to the issue. There was nothing in it which could make it admissible for the purpose of explaining the meaning of, or of giving character to, the wholly independent defamatory matter in issue, nor to affect the question of the culpability of the defendant, unless it be upon the ground that it was of a nature to provoke the publication in issue, and unless that was made under the hasty promptings of passion thus caused. *Gould* v. *Weed*, 12 Wend. 12. Only because the law makes some allowance for acts committed in the heat of sudden passion can such provocation, independent of the wrong complained of, and not constituting, with it, parts of the same transaction, be considered in mitigation of damages. The law does not allow independent wrongs of this character to be in effect set off against each other, and a balance to be found in favor of the less culpable party.

The principle above referred to, which allows proof of provocation in mitigation of damages, is the same as that which is applicable in the case of a provoked personal assault; and if there has been time and opportunity for hot blood to cool, and calm reason to resume its ordinary control, a mere provocation, not connected with the wrong complained of, cannot be shown. *Maynard* v. *Beardsley*, 7 Wend. 560, 564, (22 Am. Dec. 595;) *Sheffill* v. *Van Deusen*, 15 Gray, 485, (77 Am. Dec. 377.) If in this respect there is any distinction between cases of personal encounter and assault and cases of libel, it would seem that the rule should be applied with at least as great strictness in the latter class as in the former, since the composition and publication of a written libel in general involves necessarily some degree of deliberation and opportunity for reflection. In the case last cited,— an action for slander,—a provocation given in the evening of the previous day was held not admissible. So in *Lee* v. *Woolsey*, 19 John. 319, (10 Am. Dec. 230,) and in *Gronan* v. *Kukkuck*, 59 Iowa, 18, (12 N. W. Rep. 748,)—actions for an assault and battery,—provocations received the day before the acts complained of, were held not admissible in mitigation of damages. See, also, *Keiser* v. *Smith*, 71 Ala. 481, and authorities cited, and 1 Suth. Dam. 228, 231. There are plain reasons of public policy for this limitation of the right to rely, in extenuation of such wrongs, upon remote provoking inducements not connected with the matter in issue. If the law were less strict,

there would be less self-restraint from acts of violence and wrong, calculated to disturb the peace of society. Men would be too ready to take it upon themselves to avenge their personal grievances; and again, in the trial of causes for alleged wrongs, the principal issue would be embarrassed and confused, if not overwhelmed, by numerous collateral issues.

In the cause before us the answer does not show a provocation within the rule above stated. It is alleged that the publication which induced the libel in question was made the day before the latter publication, but it is not stated when it came to the knowledge of the defendant. In the absence of any averment, it will not be presumed that this did not occur until the time when the defendant composed and published the article complained of. For this reason the action of the court below is sustained. It is at least doubtful whether, in any event, the article alleged to have provoked the libel was such as could be deemed sufficient to provoke one to turn aside from a consideration of the criticisms and comments upon the "brutal jest," to compose and publish of the author of it the wholly irrelevant imputation of malpractice.

Order affirmed.