LEVI M. STEWART *vs.* MINNESOTA TRIBUNE COMPANY and others.

June 18, 1889.

**Libel—Pleading—Justification—Mitigation.**—Order striking out of the answer in an action for libel, as irrelevant, a part of the defence of justification, and the whole of the matter set up in mitigation, affirmed as to the former and reversed as to the latter.

Appeal by defendants from an order of the district court for Hennepin county, *Hicks*, J., presiding, striking out portions of the answer.

*Miller, Young & Akers*, for appellants.

*Davis & Farnam*, for respondent.

MITCHELL, J. Action for libel. The answer alleged the truth of the matter charged as defamatory, also matter in mitigation. This appeal is from an order striking out of the answer, as irrelevant, certain portions of the plea in justification, also the whole of the matter in mitigation. The former were all clearly irrelevant, and properly stricken out. The fact that the article complained of was published in explanation of, and in reply to, a false article published by plaintiff concerning the defendants could have no possible bearing upon the truth or falsity of the charges contained in the former. Neither would the verdict in the action for libel by Smith against this plaintiff be competent evidence in this case as to the truth or falsity of the charge in the article complained of, that plaintiff had libelled Smith. The allegations that plaintiff had the reputation of dealing in tax-titles and purchasing lands at tax-sales, and that he had purchased largely at such sales, were properly stricken out for two reasons: *First*, they refer to nothing in the complaint that is an actionable charge. There is nothing alleged in the complaint by way of inducement to show that there is anything defamatory in the term "tax-title shark," or any innuendo that it has any such meaning; and, *secondly*, if it has the defamatory meaning of dishonest and extortionate dealing, the fact that plaintiff engaged in the business of buying land at tax-sales (itself lawful) would have no tendency to

prove any such defamatory charge. For the same reasons, and for the additional one that it would, at most, be mere evidence, the list of lands (Exhibit D) bought by plaintiff at tax-sales was properly stricken out.

2. The matter set up in mitigation was that the article complained of was published in correction and explanation of a false and malicious article (Exhibit B) published the day before by the plaintiff concerning the defendants in another newspaper; that this article came to the notice of the defendants on the afternoon of the day it was published; and that the article complained of was written and printed in the evening of the same day, in a moment of temporary heat of passion induced by the publication of plaintiff's article. We think this ought not to have been stricken out. Matter in mitigation ought not to be stricken out, on motion before trial, when there is any doubt as to whether or not it would be received in evidence on the trial. Had the two articles been regarding entirely different matters in no way relevant to each other, as in the case of *Quinby* v. *Minnesota Tribune Co.,* 38 Minn. 528, (38 N. W. Rep. 623,) there being time for hot blood to cool, then, clearly, the matter could not be considered in mitigation. But, in this case, not only was the time which elapsed between defendants' knowledge of plaintiff's article and their writing the article complained of so short that it would be difficult to say, as a matter of law, that it was long enough for "cooling time," but the latter article was, to a certain extent, drawn out by and responsive to that of plaintiff. The parties had evidently engaged in a puerile war of words through the newspaper columns; and, under all the circumstances, we think both articles should go to the jury, and let them say whether there was anything in the one mitigatory of the other.

Order reversed, so far as it struck out the matter in mitigation, but otherwise affirmed.