(96 N. W. Rep. 132.)

---

## N. D. GAGNIER *v.* CITY OF FARGO.

Opinion filed April 29, 1903.

**An Instruction, Defective When Considered Alone, Not Erroneous When the Charge as a Whole States Law Correctly.**

1. In an action against a city for damages for personal injury caused to a person riding on a defective sidewalk on a bicycle, an instruction which may be defective when considered alone will not be held erroneous when the charge considered altogether states the law correctly.

**Damages for Pain and Mental Suffering Recoverable Although Not Specially Pleaded.**

2. In such an action, damages for pain and mental suffering growing out of the physical injury or recoverable without pleading or proving such pain or mental suffering.

**Insufficiency of Evidence—Specification as to Particulars.**

3. The insufficiency of the evidence to justify the verdict will not be considered when there is no specification as to the particulars wherein such evidence is insufficient.

**Specification that Verdict is Against the Law of the Case, Not Sufficient.**

4. A specification of error that "the verdict is against the law of the case" means, as applied to the evidence, that the verdict was rendered in disregard of the instructions, and is not a sufficient specification to raise the question of the insufficiency of the evidence to justify the verdict.

Appeal from District Court, Cass county; *Charles A. Pollock,* J.

Action by N. D. Gagnier against the city of Fargo. Judgment for plaintiff and defendant appeals.

Affirmed.

See 88 N. W. Rep. 1030.

*M. A. Hildreth,* for appellant.

The plaintiff was guilty of contributory negligence as a matter of law, and motion for a new trial should have been granted. *Collins* v. *City of Janesville,* 83 N. W. Rep. 695; 6 Mun. Corp. Cases,

600; *Gilmar* v. *Inhabitants of Deerfield,* 15 Gray. (Mass.) 557; *Bunker* v. *Town of Covington,* 69 Ind. 35, 35 Am. Rep. 202.

The plaintiff claimed damages for physical injuries. The evidence introduced related solely to such injuries. The court erred in its instruction to the jury, that they should take into consideration "his physical pain and mental suffering arising from such injury, and which you may find that he is to continue to suffer from in the future, by reason of such injury."

The character of this instruction has already been condemned in *Comaskey* v. *Northern Pacific Railway Co.,* 3 N. D. 276, 55 N. W. Rep. 732.

*M. A. Hildreth,* for appellant on reargument.

The plaintiff was guilty of negligence as a matter of law. With knowledge of the defect in question, in open daylight, with the street before him and with nothing to prevent his taking the street or the other sidewalk, he attempts to ride across the point of danger without exercising, as we claim, ordinary care on his part, and such care as the law demands of him.

*Durkin* v. *Troy,* 61 Bar. 437, 4 L. Ed. 213; *Town of Gosport* v. *Lydia E. Evans,* 11 West Rep. 115; *Neir* v. *Mo. Pac. Ry. Co.,* 4 West Rep. 597; *Neal* v. *Town of Merriam,* 40 S. E. Rep. 116; *Devine* v. *City of Fond du Lac,* 88 N. W. Rep. 913; *Bohl* v. *City of Dell Rapids,* 91 N. W. Rep. 315; *Rust* v. *City of Goshun,* 42 Ind. 339; *Cooler* v. *City of Leavenworth,* 27 Kan. 673; *Schafeter* v. *City of Sandusky,* 33 Ohio St. 245; *Town of Gosport* v. *Evans,* 112 Ind. 113; *Goldstein* v. *C. M. & St. P. R. R. Co.,* 46 Wis. 404, 1 N. W. Rep. 37; *Hausman* v. *City of Madison,* 87 Wis. 187, 55 N. W. Rep. 167, 21 L. R. A. 263; *Fisher* v. *Town of Franklin,* 61 N. W. Rep. 80, 89 Wis. 42; *Collins* v. *City of Janesville,* 111 Wis. 348, 87 N. W. Rep. 241.

The instruction to the jury was prejudicial error.

*McClengham* v. *Omaha, etc.,* 41 N. W. Rep. 350; *McPherson* v. *Wiswell,* 26 N. W. Rep. 916; *Richmond & D. R. Co.* v. *Freeman,* 11 So. Rep. 800; *Wasson* v. *Palmer,* 14 N. W. Rep. 171; *Ballard* v. *State,* 28 N. W. Rep. 271.

A misdirection of the judge may have influenced the verdict, and a new trial will be granted although the evidence may have warranted such verdict.

*Wendel* v. *Hughes,* 3 Wend. 418.

The verdict was a compromise. Plaintiff sued for $2,000; re-covered in first trial, $300; in second, $400. When it appears that verdict was the result of a compromise, it should be set aside. *Bigelow v. Garwitz,* 40 St. Rep. 580.

*David R. Pierce,* for respondent.

The court did not err in instructing the jury "that prior knowledge of a defect in a sidewalk by one who is injured, is not necessary proof of contributory negligence." When the highway is out of order, it is not negligent to use it in as prudent a way as practicable.

Beach on Contributory Negligence, p. 257; *City of Montgomery v. Wright,* 72 Ala. 411; *Huntington v. Breen,* 77 Ind. 29; *Osage City v. Brown,* 27 Kan. 74; *Dewire v. Bailey,* 131 Mass. 169; *Weston v. El. R. R. Co.,* 73 N. Y. 595; *Dooley v. Meriden,* 44 Conn. 117; *Aurora v. Hellman,* 90 Ill. 61; *Reed v. Northfield,* 13 Pick. 94; *Evans v. City of Utica,* 69 N. Y. 166.

Mere knowledge of defects or danger in the highway on the part of the person injured thereby, is not conclusive evidence of negligence contributory to the injury.

Beach on Contributory Negligence, p. 258; *City of Erie v. Magill,* 101 Penn. St. 616; *Shaefler v. Sandusky,* 33 Ohio St. 246; *Centralia v. Krouse,* 64 Ill. 19; *Durkin v. Troy,* 61 Barb. 437; *Parkhill v. Brighton,* 61 Iowa 103; *Wilson v. Charlestown,* 8 Allen 137; *Corbett v. Leavenworth,* 27 Kan. 673.

The court did not err in the following passage from the charge: "His physical pain and mental suffering arising from such injury, and which you may find he is certain to suffer from in the future by reason of such injury." No allegations of special damage is necessary to recover for mental suffering; it is inseparably connected with, and attends personal injuries. 5 Enc. Pl. & Pr. 758; *Robinson v. Marino,* 3 Wash. 434, 28 Pac. Rep. 752.

Damages that are the natural and necessary result of an injury need not be specially pleaded. They are implied by law and need not be so alleged. *Curtis v. Rochester R. R.,* 18 N. Y. 534; *Tyson v. Booth,* 100 Mass. 258; *Feeney v. Long Island R. R. Co.,* 116 N. Y. 375, 22 N. E. Rep. 402; *Comasky v. N. P. Railway Co.,* 3 N. D. 276, 55 N. W. Rep. 732.

MORGAN, J. The plaintiff seeks to recover damages claimed to have been received by him while riding on the defendant's sidewalk on a bicycle, which damages are claimed to have been caused by the

defendant's negligence in not keeping said sidewalk in proper condition. The complaint states the cause of action, after describing the defects in the sidewalk, in the following language: "That on the 18th day of October, 1889, the plaintiff was lawfully and rightfully riding over and upon said sidewalk on a bicycle, and that when he had arrived at a point in the same where said hole and loose bricks were located as aforesaid, and without fault or negligence on his part, his said bicycle was then and there overturned by a loose brick, and he was precipitated with great violence to the ground, whereby he received great injuries," etc. The defendant's answer was a general denial, with an allegation that the injury was occasioned by the contributory negligence of the plaintiff. The plaintiff recovered a verdict for $400. Defendant gave notice of intention to move for a new trial upon the following grounds: (1) Insufficiency of the evidence to justify the verdict; (2) that the verdict is against the law of the case; (3) errors of law occurring at the trial and duly excepted to by the defendant. A motion for a new trial was made, based upon a settled statement of the case and upon the grounds stated in the notice of intention. The motion for a new trial was denied, and this appeal from the judgment perfected.

This case was in this court on a former appeal, and is reported in 11 N. D. 73, 88 N. W. 1030. On that appeal this court ordered a new trial because of erroneous instructions given to the jury, and the rule was then followed that a municipality owes no greater duty to riders of bicycles, when allowed to ride on sidewalks, than to keep the same in proper condition for safe travel by pedestrians. On this appeal the assignments of error pertain to the instructions given to the jury solely. There is an assignment of error on the refusal of the court to grant a new trial. But the grounds thereof refer solely to the instructions claimed to be erroneous. There is no specification in the record at all as to the particulars wherein the evidence is insufficient to justify the verdict. No request for instructions by the defendant was refused. Hence consideration of the evidence to determine whether it sustains the verdict, or whether the plaintiff was guilty of contributory negligence, or assumed all risks with knowledge of the condition of the walk, is not permitted under the statute; and error can be claimed on the giving of instructions only, as none is specified or assigned. Section 5467, Rev. Codes 1899; *Pickert* v. *Rugg*, 1 N. D. 230, 46 N. W. 446; *National Cash Register Co.* v. *Pfister*, 5 S. D. 143, 58 N. W. 270.

The first assignment on which appellant relies is in the giving of this instruction: "I charge you, gentlemen of the jury, that prior knowledge of a defect in a sidewalk by one who is injured is not necessarily proof of contributory negligence; and if you believe from the evidence in this case that the plaintiff had knowledge that the sidewalk was out of repair and even dangerous, yet because of that fact alone he would not, therefore, be bound to forego travel on such sidewalk." The objection to this instruction is stated by the appellant's attorney as follows: "Under the rule laid down in the case of *Collins* v. *Janesville* (Wis.) 83 N. W. 695, the instruction practically eliminated from the jury any consideration of the knowledge that the plaintiff possessed with reference to the point of injury, and consequently is destructive of that rule which required the plaintiff to exercise ordinary care to prevent an injury." Immediately preceding and next before the instruction quoted above the court gave this instruction: "You are to consider all the facts, including the condition of the sidewalk, the facts which were within the knowledge of the plaintiff in reference thereto, the character and nature of the defect in the walk which was the direct cause of the injury, the fact that the plaintiff was passing over the walk on a bicycle, and the manner in which he sought to pass, and then determine whether, under all the circumstances, he was in the exercise of such care and prudence as would have been used and exercised by a man of ordinary care and prudence under the same circumstances and conditions." Immediately following the instruction objected to, the court gave this instruction: "The real fact for you to ascertain as bearing upon the question of contributory negligence if any you so find, is this: Did the plaintiff, by his own fault or negligence, contribute directly to produce the injury? Could he, by ordinary prudence, have prevented the injury? And if you find that he was guilty of contributory negligence, then he cannot recover, and your verdict must be for the defendant." Reading the charge altogether, as given, it is clear that the objection urged to the instruction was fully covered in other portions of the charge. The jury was told in plain language that the plaintiff must exercise such care as an ordinarily prudent and careful person would have exercised under like circumstances, which circumstances included plaintiff's knowledge of the condition of the walk at the time. As the only defect claimed against the correctness of the instruction was fully supplied in other portions of the charge, we do not deem

it necessary to say anything further on this assignment. It is too well understood to need argument or citation of authorities that an omission in stating the law in a particular instruction is not prejudicial error if covered by other portions of the charge. No prejudice can follow such an omission when supplied elsewhere in the charge.

The next assignment urged arises out of the giving of an instruction as to the elements to be considered in assessing the damages. The jury was instructed to take into consideration the plaintiff's bodily injuries and "his physical pain and mental suffering arising from such injury." The objection urged against the instruction is that mental suffering should not have been included as an element of damage in the case. Appellant's attorney urges that "there is no claim that the plaintiff suffered any mental impairment which injured his mental power." Neither does the complaint allege, nor the evidence show expressly, that the plaintiff suffered mentally, nor that there was any impairment of the mental powers by reason of the injury. The complaint and the evidence show serious physical injury, consisting of breaking two ribs, injuring his arm and shoulder, and other injuries, which were of such character that he was unable to lie in bed, and was compelled to sit in a chair for 170 hours. Such evidence clearly shows physical injuries from which physical pain and mental suffering necessarily follow. Mental suffering is the natural and necessary result of physical injury, and equally as much so as physical pain. The physical injury being proved, pain and mental suffering are presumed. The physical pain and mental suffering need not be pleaded nor specially proved, but are taken to follow as a necessary consequence of the physical injury, and to be inseparably connected therewith. There is great uniformity in the authorities on this question. Among those so holding are the following, which could be added to largely without difficulty: 1 Sutherland on Dam. (2d Ed.) sections 419-421, *Fry et al.* v. *Hillan* (Tex. Civ. App.) 37 S. W. 359; *Gronan* v. *Kukkuck,* 59 Iowa 18, 12 N. W. 748; *C., B. & Q. Ry.* v. *Warner,* 108 Ill. 538; *Brown* v. *Hannibal & St. J. Ry.,* 99 Mo. 310, 12 S. W. 655; *McCoy* v. *Milwaukee St. Ry. Co.,* 88 Wis. 56, 59 N. W. 453. Defendant's attorney relies upon *Comaskey* v. *N. P. Ry. Co.,* 3 N. D. 276, 55 N. W. 732, as supporting his contention. We do not so understand that case. That case lays down the rule that, before damages on account of the "impairment of the mental powers" become allowable, they

must be specially pleaded and proven. The syllabus expressly states this as the question decided, and the opinion does not lay down the rule that damages on account of "mental suffering" must be specially pleaded and proved. In that case it was said: "It is conceded that mental suffering is a proper element of damages, and that the impairment of mental faculties is also a proper element when claimed and proven; but it is neither claimed nor proven in this case." We think it clear that the damages that must be "claimed and proved" are expressed in that case as those growing out of the impairment of the mental powers, and not those growing out of mental suffering. The case is not an authority against the doctrine followed by the trial court in this case that damages growing out of a physical injury causing mental suffering may be recovered without specially pleading or proving the physical pain and mental suffering. As stated in that case, there is a clear distinction between "mental suffering" and "impairment of the mental faculties."

This disposes of all the assignments. The judgment is affirmed. All concur.

### ON REHEARING.

### (October 29, 1903.)

On the reargument appellant's counsel urged that the plaintiff was guilty of contributory negligence as a matter of law, and that it was not necessary for appellant to particularly specify wherein the evidence was insufficient to sustain the verdict, inasmuch as the evidence, considered as a whole, failed to show that the plaintiff was in the exercise of ordinary care in riding over the walk in question under the circumstances disclosed by the evidence. This contention cannot be upheld. As stated before in the opinion, the insufficiency of the evidence to justify the verdict was not particularly pointed out or specified on the motion for a new trial. This not having been specified, the evidence cannot be considered, and the statement alleging that it was insufficient must be disregarded. If insufficient to justify the verdict in any case, the insufficiency must be pointed out and specified, or the trial and appellate courts must disregard the specification. The language of the statute does not admit of excepted cases, but applies to all cases. The insufficiency of the evidence must be specified on the motion for a new trial, or its insufficiency raised by a motion for a directed verdict, before the verdict can be set aside on appeal as based on insufficient

evidence. Hence the question is not before us whether the plaintiff was guilty of contributory negligence as a matter of law; nor is the question before us whether the evidence was insufficient to sustain the verdict. Counsel cite many cases holding that an unqualified misdirection in the instructions is ground for a new trial. The contention is not disputed, but it has no application to this case. The cases cited do not hold that an omission to fully state the law bearing on the case in one instruction is prejudicial error, providing the omission is fully and clearly supplied in the other instructions given. This is not a case of contradictory instructions. The charge as a whole is not contradictory, but is a correct statement of the law applicable to the case, so far as excepted to.

Finally, it is urged on the reargument that the specification that "the verdict is against the law of the case" is a sufficient specification to warrant this court in setting aside the verdict as not based on sufficient evidence. The specification "against the law," as generally applied in code states, means that the verdict is in disregard of the instruction of the court. The case of *Sweeney* v. *C. P. R. Co.,* 57 Cal. 15, is especially relied on by counsel to support his contention. In that case the record is silent as to what specifications were made as grounds for a new trial. The trial court granted a new trial on the ground that the verdict was against the law as laid down in the instructions, and also contrary to the uncontradicted evidence. It is not authority for holding that a verdict is "against law" as based on insufficient evidence when no particular specification of the insufficiency of the evidence is made on the motion for a new trial. In *Brumagin* v. *Bradshaw,* 39 Cal. 24, this language is used in disposing of a similar specification of error: "It is not enough to aver that the verdict is against the law, and then offer to support the averment by showing that the verdict is not supported by the evidence, and is for that reason 'against law.' If such a course of proceeding were tolerated, all the other specific grounds for new trial enumerated in the statute might, for the same reason, be condensed into one general ground that 'the verdict is against law,' for in that general sense it would be 'against law' if there was any valid reason whatsoever for a new trial." As bearing on the meaning of "against law" in specifications of error, see also, *Declez* v. *Save,* 71 Cal. 552, 12 Pac. 722; *Valerius* v. *Richard,* 57 Minn. 443, 59 N. W. 534. The specification that the verdict was "against the law of the case," when considered with reference to

the instruction and the evidence does not warrant setting aside the verdict. Before a specification that the verdict is "against law" can be relied on for a new trial based on a consideration of the evidence, it must appear that the verdict was rendered in disregard of the instructions. This is not shown in this case. We find no reason for departing from the conclusions formerly announced by this court.

The judgment is affirmed. All concur.