REBECCA C. OUSLEY v. G. J. and C. HAMPE, Appellants.

**Landlord and tenant:** WARRANTY OF PREMISES: PERSONAL INJURY.
1  A warranty relates to the condition of the thing at the time of the warranty, in the absence of provisions making it applicable to the future; so the statement of a landlord to his tenant, " You can use the porch.  It is all right.  It is perfectly safe," was a present warranty and created no obligation to keep the same in repair.

**Mental anguish:** DAMAGE: PLEADING.  Under an allegation of
2  great bodily pain, damages may be recovered in a personal injury action for mental anguish without special pleading.

*Appeal from Muscatine District Court.—* HON. JAMES W. BOLLINGER, Judge.

TUESDAY, OCTOBER 24, 1905.

SUIT to recover damages for personal injuries.  There was a trial to a jury, and a verdict and judgment for the plaintiff. · Defendants appeal.— *Reversed.*

*Jayne & Hoffman,* for appellants.

*Horan & Devitt* and *H. M. Bartlett,* for appellee.

SHERWIN, C. J.— The plaintiff was a tenant of defendants, occupying rooms in the second story of a building, on the rear end of which there was a porch, which was rented and used in connection with the rooms so occupied.  This porch fell with the plaintiff, and she received the injuries for which she sues.  She alleged in her petition, and there is evidence sustaining the claim, that the defendants warranted the safety of the porch as a part of the lease of the premises to her.  This was denied by the defendants, but the jury

found specially that such a warranty was in fact made; and under the often-repeated holding of this court its finding on that question is final. There was also evidence tending to show negligence on the part of the defendants, and freedom from contributory negligence on the part of the plaintiff; and with the jury's finding on these questions we cannot interfere in this case. Some twenty errors are alleged in the appellant's brief, but we find it necessary to refer to but few of them. What we have already said disposes of the contention that there should have been a directed verdict for the defendants.

The defendants requested the court to give several instructions prepared by them covering questions presented by the issues. They were refused; but with one exception, which we shall presently notice, they were embodied in the instructions given by the court on its own motion, and hence as to those there was no error in the refusal.

The sixth instruction told the jury that, if it found that there was an express warranty as to the safe condition of the porch, it was then the defendants' duty to use ordinary care to maintain it in a reasonably safe condition. The defendants asked an instruction to the effect that, if an express warranty was found to have been made, it would only relate to the condition of the porch at the time of the lease, and that they were not thereby bound to keep the porch in a safe condition during the term of the lease. Ordinarily, a warranty relates only to the condition of the thing at the time that the warranty is made. Thus a warranty that animals sold were sound and healthy was held to refer solely to their condition at the time of the sale, and not to be a guaranty against future disease or disability. *Bothwell v. Farewell*, 74 Iowa, 325. This is the universal rule, in the absence of an agreement covering a future period. 30 Am. & Eng. Enc. of Law (2d Ed.), 174. See, also, 43 Cent. Dig. col. 1089, section 787. The language relied on as constituting the

1. LANDLORD AND TENANT: warranty of premises: personal injury.

warranty in this case was in substance as follows: "You can use the porch. It is all right. It is perfectly safe." This language itself clearly negatives any intention to extend the warranty, so that it shall cover a period in the future. The court, therefore, erred in the instruction given. If the porch was not then in the condition it was warranted to be in, and if by reason thereof it fell, the defendants would be liable for the damages sustained; but, on the other hand, if it was then as safe as it was warranted to be, and if it fell because of a subsequent change in its condition, there, would be no liability under the warrant proven.

The jury was told that it might allow the plaintiff for her pain and suffering, bodily and mental. The appellants complain of the use of the word "mental," because it was not alleged in the petition that she had suffered mental pain. There was an allegation that she had suffered great bodily pain and that she had been confined to her bed a long time on account thereof. Under the holding in *Gronan v. Kukkuck,* 59 Iowa, 18, an allegation of mental pain is not necessary in personal injury cases.

2. MENTAL ANGUISH: damage: pleading.

We need not notice the other errors assigned, because the same questions are not likely to arise on a retrial of the case. For the error pointed out the judgment will be reversed.—*Reversed.*