JOHN LANG, Appellee, v. FRANCIS SIDDALL, Defendant, Appellant, and PHILLIPS PETROLEUM COMPANY, Defendant.

No. 42322.

MAY 15, 1934.

Gilchrist & Gilchrist, and Putnam, Putnam, Langdon & Fillmore, for appellant.

C. B. McCartan and A. J. Shaw, and W. J. Allen, for appellee.

DONEGAN, J.—In this action John Lang, the plaintiff, brought suit against the defendants, Francis Siddall and Phillips Petroleum

Company, for damages because of personal injuries which he claimed were caused by the negligence of the defendants. The facts of the case are that said Lang, about noon on December 17, 1931, accompanied by his wife and sister, was driving southward in his Chevrolet coupe on what is known as First street in the town of Laurens in Pocahontas county, Iowa. State Primary Highway No. 10, which is a graveled road, runs east and west along the south edge of the town. As he approached the entrance from said First street into said State Primary Highway No. 10, Lang failed to stop at the stop sign, which was on the right side of First street a few feet north of the north line of primary road No. 10, and proceeded into the highway. The defendant Siddall was driving westward on the state primary highway in a truck owned by him on which there was a tank and oil rack owned by the Phillips Petroleum Company. A collision occurred between the truck driven by Siddall and the Chevrolet coupe owned and driven by Lang, and as a result of such collision Lang sustained serious personal injuries for which he sued. Some time before the trial of the case, the plaintiff, Lang, entered into a covenant not to sue with the defendant Phillips Petroleum Company, and dismissed his suit without prejudice as to said defendant. The case proceeded to trial as to the defendant Francis Siddall.

At the close of the evidence, the defendant Siddall presented a motion for a directed verdict in his favor, which was overruled by the court. The case was submitted to a jury upon instructions of the court, and the jury returned a verdict for plaintiff in the sum of $10,000. Defendant, within due time, filed a motion for new trial and exceptions to the court's instructions, and upon hearing said motion and exceptions were overruled. From the judgment and the order of the court overruling defendant's motion for a new trial and exceptions to the court's instructions, the defendant Siddall appeals.

Appellant sets out in his brief and argument seven errors upon which he relies for reversal. The first of the errors thus relied upon is that the court erred in overruling grounds 3, 4, and 5 of defendant's motion for a directed verdict, and grounds 1 and 2 of defendant's motion for a new trial. These grounds of the motion for a directed verdict and motion for new trial are based upon the appellant's claim that the evidence failed to show that the appellee, Lang, was free from contributory negligence, and that the undisputed

evidence showed that he was guilty of contributory negligence as a matter of law. Inasmuch as the case must be reversed on other grounds, and the rights of the parties upon a new trial will depend upon the evidence there presented, it becomes unnecessary to decide the question presented by this statement of error, and we refrain from any discussion of the evidence to which it is directed.

I. Instruction 14 given by the court is·as follows:

"In this State it is the law of the road that persons operating motor vehicles on the public highways when meeting each other shall give one-half of the traveled way thereof by turning to the right, and that every person operating a motor vehicle upon the highway shall at all times have the same under control and shall reduce the speed thereof to a reasonable and proper rate when approaching and traversing a crossing or intersection of public highways.

"It is also the law that any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper having due regard to the traffice, surface and width of the highway and of any other conditions then existing and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead.

"The statute also provides that it shall be unlawful for the driver of any freight carrying vehicle to drive the same upon the public highway at a speed exceeding 35 miles per hour.

"The rules of law as above given are for the purpose of fixing a standard of care which must be observed by all persons operating an automobile upon the public highways. And a failure to observe the standard of care thus fixed would of itself be negligence unless the driver has shown a legal excuse for the failure to observe such standard of care. Therefore in the ·consideration of this case if the plaintiff has proven by a preponderance of the evidence that the defendant at the time of this accident failed to observe each and all of the requirements of the law as above set forth in this instruction then it would be your duty to find that the defendant was negligent unless the defendant has by a preponderance of the evidence shown a legal excuse for his failure to observe these laws, if he did so fail.

"A legal excuse as the term is used in these instructions means proof of any circumstance or condition that would make it impossible for the defendant to comply with the requirements of statute as

above set forth; or any circumstances or conditions over which the defendant had no control which placed his car in a position contrary to the provisions of the statute as above set forth; or where the driver of the car is confronted by an emergency not of his own making and by reason thereof he fails to obey the statute."

Appellant contends that the giving of this instruction constitutes error, for the reason that it tells the jury that a failure on the part of a person operating a motor vehicle upon a public highway to give one-half of the traveled part of such highway by turning to the right when meeting another vehicle constitutes negligence as a matter of law; whereas, under the holdings of this court, a failure to observe this provision of the law of the road is only prima facie evidence of negligence. It is quite apparent from a reading of the instruction complained of that it imposes the same liability upon the operator of a motor vehicle for a failure to yield one-half of the traveled portion of a highway when meeting another vehicle that it imposes upon the operator of such vehicle for a failure to observe the requirements of the other statutory provisions referred to in the instruction.

In Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552, this court reviewed the prior cases in which there appeared to be some confusion as to whether a violation of a statute or ordinance prescribing duties with reference to the use of streets and highways constituted negligence or merely prima facie evidence of negligence, and clearly established a distinction between a violation of the law of the road with reference to giving one-half of the traveled highway when meeting another vehicle outside of cities and towns, and other statutory provisions fixing the duties of operators of vehicles upon streets and highways. As to a failure to observe the statutory provision of the law of the road in regard to giving one-half of the traveled way by turning to the right we said:

"It is therefore the law that where an accident occurs outside of cities and towns, the fact that the vehicle is on the wrong side of the road is only prima facie evidence of negligence."

As to the other ordinances and statutory provisions prescribing the duties of persons making use of streets and highways we said:

"Statutes and ordinances such as these under discussion are a legislative prescription of a suitable precaution, or a fixing by law

of the standard of care which is required under the circumstances, and it must follow that a failure to observe the standard of care thus fixed by law is negligence.

"In other words, accurately speaking, where the statute or ordinance has fixed the standard of care, the failure to observe such standard is negligence, and when in the trial of a case—the other elements being proven—it is shown that the defendant failed to observe the standard of care thus fixed, a case is made for the jury in the first instance. In such case, the defendant may offer proof excusing his failure to observe such legal standard of care. If, however, he fails to furnish proof of such legal excuse, then it is accurate to say that negligence is established as a matter of law."

Appellee contends that there is no prejudicial error in this instruction, for the reason that the instruction does not state that the mere failure to observe the standard of care fixed by the statute would of itself be negligence, but only states that such failure would be negligence "unless the driver has shown a legal excuse for the failure to observe such standard of care." Appellee argues further that, because the appellant's only defense to this charge of negligence was his absolute denial that his truck was on the south or left half of the road and he made no attempt to show any excuse for being on the wrong side of the road, the finding by the jury of the fact that the appellant was on the south or left half of the road without any excuse or justification therefor must necessarily amount to a finding that this was negligence. With this we cannot agree. The rule thus contended for by appellee is the rule held by this court, in Kisling v. Thierman, supra, applicable to the violation of other statutes and ordinances fixing the degree of care to be exercised by the drivers of vehicles upon streets and highways, but it is not the rule which we therein announced to be applicable to a violation, outside of cities and towns, of the law of the road requiring persons operating motor vehicles upon the public highway to give one-half of the traveled way by turning to the right. If appellee's contention were to prevail, the distinction so carefully made in the Kisling case would be meaningless. That this distinction is not meaningless is apparent from an examination of the cases cited in the Kisling case in reference to this provision of the law of the road.

In Cooley v. Killingsworth, 209 Iowa 646, 228 N. W. 880, which was decided before the Kisling case and is therein cited, we had

under consideration an instruction in which the jury was told that this statute "required both the plaintiff and the defendant Killingsworth, upon meeting upon the public highway, to yield to the other one-half of the traveled way by turning to the right, and a failure upon the part of the defendant Killingsworth to yield one-half of the traveled portion of the highway to the plaintiff by turning to the right upon meeting the plaintiff, would constitute negligence on his part." Referring to such instruction we said:

"The instruction cannot be approved. It has long been the rule in this state that, where a participant in an accident upon a public highway is upon the wrong side of the street or highway at the time, his presence there is prima facie evidence of negligence, and no more. Herdman v. Zwart, 167 Iowa 500, 149 N. W. 631; Powell v. Alitz, 191 Iowa 233, 182 N. W. 236; Johnson v. Kinnan, 195 Iowa 720, 192 N. W. 863; Carlson v. Meusberger, 200 Iowa 65, 204 N. W. 432; McElhinney v. Knittle, 199 Iowa 278, 201 N. W. 586; Cuthbertson v. Hoffa, 205 Iowa 666, 216 N. W. 733. Under the well-recognized rule in this state a trial court is warranted in telling the jury that a violation of an ordinance or a statute governing said matter is prima facie evidence of negligence, but it is erroneous to instruct a jury that as a matter of law it 'would constitute negligence.' The appellee seeks to avoid the error in this instruction on the ground that the instructions are all to be considered together, and, when so considered, this instruction was not erroneous. We cannot sustain the appellee's contention at this point. Reading the instructions as a whole, the error in the statement of law contained in this instruction is not obviated. The jury should be told clearly, plainly, and correctly the rule of law pertaining to the so-called law of the road under the circumstances such as are presented in the case at bar, where it was contended that the accident resulted because of the claim that the appellants' automobile was on the wrong side of the road. The error was not corrected by other instructions that were given."

In Ryan v. Perry Rendering Works, 215 Iowa 363, 245 N. W. 301, the jury were told:

"It is provided by statute in this State (Code 1931, section 5020) among other things, that 'persons in vehicles, including motor vehicles, meeting each other on the public highway, shall give one-half of the traveled way thereof by turning to the right.' * * * "

Following this the jury were further told that,—"Negligence may also consist in doing some act which the law forbids or in the failure to do that which the law commands."

Objection was made on the ground that the latter instruction, when considered in connection with the former, told the jury and they must have understood that if they found that the defendant violated the statute by failing to give one-half of the traveled way by turning to the right, he would be guilty of negligence as a matter of law. In considering the claim thus made, we said:

"Under our holding in Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552, and in a number of preceding cases, the driving of a vehicle on the wrong side of a country highway is only prima facie evidence of negligence.

"We think there is merit to the defendant's contention, and that the error complained of was prejudicial."

There is an essential difference between "negligence" and "prima facie evidence of negligence". Prima facie evidence of negligence does not become negligence because it is unexplained or because the negligence of which it is evidence is not justified; it is still only *prima facie evidence* of negligence, and it is not *negligence*. The fact that appellant claimed to have been on the north or right half of the road would not deprive him of the right to have the jury properly instructed as to the law of the road, even though, as a matter of fact, he was on the south or left half of the road. Under holdings of this court, the giving of the instruction complained of was prejudicial error.

II. Among the grounds of negligence submitted by the court to the jury was ground one of plaintiff's amended and substituted petition, which alleged negligence on the part of the defendant "in driving the said truck into and against the automobile which the plaintiff was operating." Before this ground of negligence was submitted to the jury, the appellant moved the court to withdraw it from the jury, for the reason that there was no competent evidence in the record to support it, and for the further reason that it was a general allegation and placed upon the defendant an absolute duty to avoid striking the plaintiff's car or injuring him. The court, however, overruled the appellant's motion and submitted the said ground of negligence of which complaint is here made, along with five other alleged grounds of negligence, to the jury. No

special instruction was given in reference to this alleged ground of negligence, and the jury was told that,

"If, however, you find that the plaintiff has proven by a preponderance of the evidence that the defendant was negligent in some one or more of the particulars or grounds or in some manner as above set forth, then you should consider the other instructions herein submitted to you to determine the rights of these parties."

The appellant contends that in submitting this alleged ground of negligence without further instruction in regard to it, and in giving the further instruction above quoted, the court left the jury to find that the appellant was guilty of negligence if they found that his truck collided with appellee's car. It is difficult to see how the alleged ground of negligence of which complaint is here made adds anything to the other grounds of negligence upon which plaintiff's cause of action is based. In every collision between two automobiles, at least one, and sometimes both, of such automobiles is driven against the other, and the mere fact that an automobile is driven against another vehicle in and of itself does not constitute negligence. In fact, it may, and frequently does, happen that the operator who drives his automobile into another automobile is not negligent, even though it be in a head-on collision. Whether the operator of an automobile is negligent in driving it into another automobile depends upon facts other than the simple fact that his automobile is driven into another automobile. The court, in other instructions, did tell the jury what would constitute negligence, and told them that before they could find for the plaintiff they must find that defendant was guilty of "negligence" as thus defined. It is quite possible, however, that the submission of this alleged ground of negligence, without further specific explanation in regard to it, might easily have been misunderstood by the jury. We think, therefore, that the appellant's motion to withdraw this alleged ground of negligence from the consideration of the jury should have been sustained, or that the jury should have been given further instruction in regard to it.

III. In his answer the appellant, after making a general denial, specifically denied any negligence on his part and specifically alleged that the plaintiff was contributorily negligent in that, before changing the course of his car, he did not exercise ordinary care to see that there was sufficient space to make such movement in safety;

in that he did not come to a stop before entering Primary Highway No. 10, but entered in violation of the stop sign and failed to yield the defendant the right of way at said intersection; and in that he failed to exercise ordinary care to keep a reasonable lookout at and before he entered the intersection. In his instructions the court stated the substance of the defendant's answer, including the first two of the above special defenses alleging contributory negligence, but failed to refer to or to give any instruction in regard to the last of said special defenses which alleged contributory negligence because of the plaintiff's failure to exercise ordinary care to keep a reasonable lookout at and before he entered the intersection. Appellant contends that the failure of the court to set out said special defense and to instruct the jury in regard to it constitutes reversible error. It is argued by appellee that the court was not required to submit this special defense because there was no evidence to support it, and that other instructions given to the jury were such that the jury understood therefrom that the plaintiff was required in the exercise of ordinary care to keep a reasonable lookout before he entered the intersection. If the case were not to be reversed on other grounds, we might hesitate to reverse it on the ground that the error here claimed was prejudicial. However, the defendant having specially pleaded the defense that plaintiff was contributorily negligent in failing to exercise ordinary care to keep a reasonable lookout, we think the evidence was such that good practice required the issue thus raised to be submitted to the jury under appropriate instructions.

IV. It appears without dispute in the evidence that a short time prior to the trial of the case the plaintiff entered into a covenant not to sue with the Phillips Petroleum Company and thereafter, before trial, dismissed his cause of action as against said Phillips Petroleum Company. Appellant alleges that the Phillips Petroleum Company was liable for any negligence of the appellant in operating the truck, because it was a joint owner with the appellant of the truck, and because the appellant was an employee of the Phillips Petroleum Company and was in the scope of his employment at the time of the accident. The evidence showed that the truck itself belonged to the appellant, Siddall, but that the tank and grease rack carried thereon were the property of the Phillips Petroleum Company. We do not think this evidence is sufficient to show such ownership of the truck on the part of the Phillips Petroleum Com-

pany as would make it liable under the statute imposing liability upon the owner of a motor vehicle when operated by another person with the consent of the owner. It is argued that the instrument involved in this case is in reality a release and not a covenant not to sue. We think it unnecessary to determine that question. It is well settled that a valid covenant not to sue one joint tort-feasor does not bar an action against another joint tort-feasor. Farmers Savings Bank v. Aldrich, 153 Iowa 144; Renner v. Model Laundry, Cleaning & Dyeing Co., 191 Iowa 1288. Even a release of one tort-feasor does not release another tort-feasor if in fact there was no joint liability. Ryan v. Becker, 136 Iowa 273; Renner v. Model Laundry, Cleaning & Dyeing Co., supra. Unless there was a liability on the part of Phillips Petroleum Company to the appellee, the appellee would not be barred from prosecuting his action against the appellant, even though the instrument here involved did not amount to a covenant not to sue. Nor do we think that the Phillips Petroleum Company was liable to the appellee because the acts of the appellant were those of its employee performed within the scope of his employment. The evidence shows that the relation of the appellant to the Phillips Petroleum Company was fixed by what is known as a commission contract. From this contract it appears quite conclusively that the appellant's remuneration in handling the products of the Phillips Petroleum Company consisted of commissions on sales made by him. It nowhere appears that the Phillips Petroleum Company exercised any authority or had any control over the appellant or over the truck owned by him. It affirmatively appears from this instrument that the appellant was liable for all the products of the Petroleum Company which were received by him, and that he had no authority to incur indebtedness or liability for the company without the written consent of the division manager. Appellant has not called our attention to any evidence that he (the appellant) was the employee of the Phillips Petroleum Company and acting within the scope of his employment at the time of the accident. In the absence of evidence tending to establish such relation, and in the absence of any argument to support the appellant's statement that such relation existed, we find nothing in connection with this claim of error made by appellant which requires further consideration. It is our opinion, therefore, that the covenant not to sue entered into by the appellee with Phillips Petroleum Company did not amount to a release of the appellant herein.

274

■ V. In addition to pleading that the plaintiff was contributorily negligent in the matters which we have already considered in division III above, appellant in his answer further alleged that:

"The sole proximate cause of plaintiff's damages, if any, was the negligence of the plaintiff in that before turning and changing the course of his car he did not exercise ordinary care to see that there was sufficient space to make such movement in safety."

Appellant complains that the court failed to submit this pleaded issue to the jury and failed to give the jury any instruction with reference to it. He contends that the issue thus tendered in his answer is a distinct, separate, and special issue; that it is a complete negation of liability and not a denial of freedom from contributory negligence; that he had the right to have this special issue submitted to the jury as a part of the defenses set up by him in his answer; and that the failure of the court to instruct the jury in reference to this special issue was prejudicial to him and constitutes reversible error. With this contention of appellant we are unable to agree. The court fully instructed the jury in regard to negligence and proximate cause. Under these instructions, the jury was plainly told that they could not find for the appellee unless they found that the appellant was guilty of negligence and that this negligence of the appellant was the proximate cause of the accident and injuries sustained by appellee. Under these instructions, it necessarily followed that the appellant could not be guilty of negligence which was the proximate cause of the accident, if the appellee was guilty of negligence which was the *sole* proximate cause of the accident. Conversely, if the jury found that the appellant was guilty of negligence and that this negligence was the proximate cause of the accident and injuries, it necessarily followed that any negligence on the part of the appellee, no matter how great, could not be the *sole* proximate cause of the accident and injuries. If the appellant was guilty of negligence and such negligence was the proximate cause of the accident and injuries, how could he be prejudiced by a failure of the court to instruct the jury in regard to a sole proximate cause of such accident and injuries which could not exist? On the other hand, if appellant was not guilty of any negligence which was the proximate cause of the accident and injuries, he could not be held liable, regardless of appellee's guilt or freedom from negligence,

and regardless of whether negligence, if any, on the part of appellee was the sole proximate cause of the accident and injuries. In any event, we do not think that the issue thus raised by appellant's answer was such that, in the absence of a request therefor, a failure to instruct would constitute reversible error. Appellant cites no Iowa cases in support of his contention, and quotes as his only authority a short excerpt from a California decision. We see no reason under our system of pleading and procedure, why a party should be entitled to special instruction concerning matters which were already fully covered and included in the instructions given to the jury.

VI. Appellant finally complains that the court in its instructions told the jury that if it found for the plaintiff it might allow him for mental pain and anguish previous to the time of the trial, and also that it might allow him for mental pain and anguish which they found it reasonably certain he would suffer in the future. Complaint is made of this instruction because it is claimed by appellant that the only damages claimed by plaintiff for pain and suffering were for physical pain and suffering, and that the court, by telling the jury that it might allow damages for mental pain and anguish, thus instructed the jury that it might allow the plaintiff for damages which were not claimed in his petition. Plaintiff's petition contained the following allegations:

"That the injuries which the plaintiff sustained caused great nervous and mental shock and because of such injuries the plaintiff has suffered great physical and mental pain and that on account of such injuries the plaintiff will continue in the future to suffer great physical and mental pain and that such pain and suffering both physical and mental will continue during the balance of the lifetime of the plaintiff and that all of said physical and mental pain and suffering heretofore and all physical and mental pain and sufferings which the plaintiff will have in the future were caused by the injuries inflicted upon the plaintiff as a result of the collision herein referred to and were the result of the negligence of the defendants.

"That on account of the injuries received by the plaintiff through the fault and negligence of the defendant which injuries consisting of broken jaw, broken arm, dislocated shoulder and dislocated hip and cuts about the face and head and the pain and suffering caused to the plaintiff on account of such injuries that the plaintiff has been damaged in the amount of $5,000.00.

"That on account of the permanent injuries received by the plaintiff, and on account of the future pain and suffering which will be caused to this plaintiff because of both permanent injuries and other injuries herein complained of, all of which was done through the negligence of the defendant, the plaintiff has been damaged in the sum of $10,000.00."

It is the contention of the appellant that the appellee, even if permitted to recover, should not be allowed damages except for the matters enumerated by the appellee in the last two paragraphs of his petition, which have been quoted above; that neither of these paragraphs make any reference to mental pain and anguish; but that they show that the pain and suffering referred to is the physical pain and suffering due to the injuries therein mentioned, that is, to the broken jaw, broken arm, dislocated shoulder, dislocated hip, and cuts about the face and head. We do not think that the law contemplates any such strict and technical construction of the statements of the plaintiff's petition. The first paragraph of the petition, above quoted, clearly and unmistakably shows that the plaintiff claims to have sustained a nervous and mental shock and to have suffered great physical and mental pain, and that he will continue to suffer great physical and mental pain, because of the injuries inflicted upon him as a result of the collision and negligence of the defendant. This court, moreover, has already held that plaintiff may recover for mental pain resulting from a personal injury without any special claim in his petition for such mental pain. In Gronan v. Kukkuck, 59 Iowa 18, 12 N. W. 748, it is said:

"The court directed that mental pain suffered by the plaintiff should be considered by them as an element of damages. Counsel for defendant insisted that, as there is no allegation and claim in the petition based upon mental pain suffered by plaintiff, he cannot recover therefor in this action. But as mental pain is the natural and inevitable result of personal injuries, damages therefor need not be specially claimed."

The doctrine established in Gronan v. Kukkuck, supra, has been reaffirmed and followed in Ousley v. Hampe, 128 Iowa 675, 105 N. W. 122, and Willis v. Schertz, 188 Iowa 712, 175 N. W. 321. We find no error in the portion of the court's instructions of which complaint is here made.

Because of the errors heretofore referred to in the opinion, the judgment and order of the trial court are hereby reversed and the case remanded.—Reversed and remanded.

CLAUSSEN, C. J., and all Justices concur.