(86 N. W. Rep. 231.)

---

CARL LINDBLOM *vs.* CHRISTIAN SONSTELIE.

Opinion filed May 15, 1901.

**Exceptions to Charge—Time of Taking—Extension.**

Under the provisions of sections 5298 and 5722, Rev. Codes, a district judge has power to extend the time within which exceptions to a charge may be taken, either before or after such time has elapsed; but such extension should be granted only upon good cause shown, and in furtherance of justice.

**Instruction—Exemplary Damages.**

A certain instruction concerning exemplary damages examined, and *held* erroneous, as invading the province of the jury.

Appeal from District Court, Walsh County; *Sauter, J.*

Action by Carl Lindblom against Christian Sonstelie. Verdict for plaintiff. From an order granting a new trial, plaintiff appeals. Affirmed.

*Spencer & Sinkler,* for appellant.

The exceptions to the Court's charge were not filed in time. Therefore any errors in the charge cannot be considered. § § 5432, 5433, Rev. Codes; *Leach* v. *Hall,* 66 N. W. Rep. 69; *Colby* v. *McDermont,* 6 N. D. 496; *Bush* v. *Nichols,* 41 N. W. Rep. 608; *Bailey* v. *Anderson,* 61 N. W. Rep. 134, 61 Ia. 149; *Mason* v. *Ry. Co.,* 25 N. W. Rep. 144; *Harrison* v. *Charlton,* 42 Ia. 573; *Hallenbach* v. *Garst,* 65 N. W. Rep. 417; *Edwards* v. *Cosgro,* 42 N. W. Rep. 362. The Court can only enlarge the time for taking exceptions upon good cause shown. § 5722, Rev. Codes. And then not after the time originally limited for the act has expired. *McGillicuddy* v. *Morris,* 65 N. W. Rep. 14; *Moe* v. *Ry. Co.,* 54 N. W. Rep. 715; *St. Croix Lumber Co.* v. *Pennington,* 11 N. W. Rep. 497; *McDonald* v. *Beatty,* 9 N. D. 293, 83 N. W. Rep. 224. The instruction held erroneous by the trial court, and on which the new trial was granted, was not erroneous because it did not state that the jury must find malice, fraud or oppression before they could give exemplary damages. The Court in its instructions set out the allegations of the complaint, told the jury that before they could find damages at all they must find that the carnal intercourse took place as alleged in the complaint. Substitute the allegations of the complaint for the words "as alleged in the complaint" and the instruction is impregnable. *Britton* v. *St. Louis,* 25 S. W. Rep. 366; *Sherwood* v. *Ry. Co.,* 33 S. W. Rep. 774; *State* v. *Scoll,* 19 S. W. Rep. 89; *Taylor* v. *Iron Co.,* 34 S. W. Rep. 584; *Jenks* .v *Lumber Co.,* 66 N. W. Rep. 234; *People* v. *Jackson,* 92 Ill. 441; *Illinois Central Ry. Co.* v. *Harris,* 44 N. E. Rep. 498. The Court has a right to assume in his charge a fact proven. *Watson* v. *Degman,* 54 Cal. 278; *People* v. *Phillips,* 70 Cal. 61; *Hughes* v. *Monley,* 24 Ia. 499; *Thompson* v. *Brannon,* 40 S. W. Rep. 914. Exemplary damages may be given in every case of criminal conversation when plaintiff is not a party to the procurement of the act. *Mathes* v. *Mazett,* 30 Atl. Rep. 434, 8 Enc. L. 272; *Long* v. *Boe,* 17 So. Rep. 719; *Ross* v. *Leggett,* 28 N. W. Rep. 697; *Johnson* v. *Disbro,* 10 N. W. Rep. 79; *Cornelius* v. *Hambey,* 24 Atl. Rep. 515; *Johnson* v. *Allen,* 5 S. E. Rep. 668; *Stumm* v. *Hummel,* 39 Ia. 483, 5 Enc. L. 21; 9 Enc. L. 835; *Coryell* v. *Colbaugh,* 1 Am. Dec. 192; *Grable* v. *Margrave,* 38 Am. Dec. 88; *McAuley* v. *Burkhead,* 55 Am. Dec. 428; *Russell* v. *Chambers,* 31 Minn. 56; *Yundt* v. *Hartrunft,* 41 Ill. 9.

*E. Smith-Peterson,* for respondent.

The exceptions to the Court's charge were filed within twenty days after the sixty days stay of proceedings had expired; and at the time of hearing the motion for new trial the time was enlarged by the Court upon showing. § 5298, Rev. Codes. Where the Court of its own motion charges the jury on the question of damages, such instruction must correctly state the law with all necessary qualifications. 11 Enc. Pl. & Pr. 216. The facts proven did not constitute defendant a malicious tresspasser to be mulcted in exemplary dam-

ages. *Outlander* v. *Ormans,* 26 S. W. Rep. 1103; *Cook* v. *Wood,* 76 Am. Dec. 677. When there is evidence tending to prove a fact having an important bearing upon the case, though contradicted, an instruction is erroneous which ignores the existence of such fact and takes it from the consideration of the jury. *Chicago Etc. Co.* v. *Tilton,* 87 Ill. 547; *Caldwell* v. *Center,* 30 Cal. 539, 89 Am. Dec. 131; *Adams* v. *Caprin,* 83 Am. Dec. 556; *Gallagher* v. *Williamson,* 83 Am. Dec. 114, 23 Cal. 31; *Boffter* v. *Rogers,* 52 Am. Dec. 680; *Potts* v. *House* 50 Am. Dec. 329; *Stoeton* v. *Frye,* 45 Am. Dec. 138; *Frich* v. *Bergen,* 89 Ind. 360; *Carpenter* v. *Bank,* 119 Ill. 352. An instruction assuming a fact as proven, upon which there is contradictory evidence, is fatal to the verdict. *Baltimore Etc. Co.* v. *Woodruff,* 59 Am. Dec. 72; *McKenzie* v. *Bank,* 65 Am. Dec. 369; *Western Union Tel. Co.* v. *Cooper,* 10 Am. St. Rep. 772; *Gulf Ry. Co.* v. *Brentford,* 23 Am. St. Rep. 377; *Jones* v. *Towne,* 2 N. W. Rep. 473; *Faber* v. *Ry. Co.,* 13 N. W. Rep. 902; *Hand* v. *Langlan,* 25 N. W. Rep. 122; *Rapp* v. *Giddings,* 57 N. W. Rep. 237. The mere fact that an act may have been wrongful and injurious does not justify exemplary damages in the absence of actual malice or wanton indifference to the rights invaded. *Seemen* v. *Feeney,* 19 Minn. 79; *Carli* v. *Transfer Co.,* 20 N. W. Rep. 89; *DuLaurans* v. *Ry. Co.,* 15 Minn. 49; *Lyles* v. *Perron,* 51 Pac. Rep. 332.

MORGAN, J. The plaintiff has brought this action for the recovery of damages against the defendant, alleging in the complaint that the plaintiff maliciously alienated the affections of defendant's wife from him, and wrongfully deprived him of the comfort, society, and assistance of his wife, thus causing him great distress of mind and damages. The issues were tried before a jury, resulting in a verdict for the plaintiff for the sum of $1,000. This verdict was set aside by the Court upon a motion for a new trial upon the ground that one instruction given to the jury was prejudicially erroneous. The plaintiff has appealed from the order granting a new trial. Such appeal is sought to be sustained upon two specifications of error pertaining to the making of the order granting a new trial, viz.: That such instruction was not erroneous, but was a correct statement of the law applicable to that branch of the case; and, second, that such instruction was not excepted to by the defendant within the time fixed by the statute for so doing, and that the Court had no authority, under the statute, to allow an exception to the giving of the instruction to be taken and settled after the time allowed by the statute during which it may be done had elapsed. To enable us to be understood as to the last of these specifications of error, it will be necessary to narrate the facts that transpired in the case from the rendition of the verdict up to the granting of the motion for a new trial. Immediately after the rendition of the verdict, a stay was granted for 60 days for all purposes except for the entry of judgment. This stay was granted on June 23d. The charge, in writing, was filed with the clerk on June 30th. On July 15th there

was a change of attorneys, the present attorney for the defendant having been employed in place of the one that appeared for the defendant at the trial. This substituted attorney ordered a transcript of the evidence immediately after being employed, which was not furnished him until August 28th,—more than 60 days after the verdict was rendered. On September 6th exceptions to the charge of the Court were filed in the office of the clerk of court, which was 6 days after the stay had expired. On September 29th a statement of the case was settled by the trial judge, based upon a stipulation of the attorneys. This statement of the case contained specifications of error relating to the giving of the instruction complained of, but such statement contained no reference to the effect that such instruction had been excepted to. On November 28th an order was made, after notice, and an argument thereon by the respective attorneys for the parties, allowing such exceptions to be settled, and made a part of the statement of the case, with the same force and effect as though they had been taken and filed within the time prescribed by law. This order was based upon the affidavit of the defendant's attorney setting forth the facts and reasons by virtue of which he claimed that his failure to file such exceptions was excusable. The plaintiff excepted to the making of this order, and insists that under the provisions of the Code the court had no authority to amend the statement by allowing exceptions to the charge to be settled when they had not been taken in time. The question is, therefore, squarely presented to us for a decision whether the trial judge has any discretion to extend the time during which exceptions to the charge may be filed, either by an order made before or after such time has expired. Section 5432, relating to the giving and refusing of instructions, provides that the trial court may submit his instructions in writing to counsel before they are read to the jury; and, when this is done, he may require such counsel to then and there designate exceptions desired, and thereafter no other exceptions than those designated shall be allowed. The statement of the case on this appeal does not inform us whether the charge was in writing or not, nor whether it was submitted to the attorneys for examination before it was read. From the fact that the charge was not filed until seven days after the verdict, we infer that it was an oral charge. Section 5433, Rev. Codes, provides that, when the charge is an oral one, it may be excepted to within 20 days from the filing of the same with the clerk. Section 5298, Id., provides that "the Court may likewise, in its discretion and upon such terms as may be just, allow an answer or reply to be made or other act to be done, after the time limited by this Code, or by an order enlarge such time," etc. Section 5477 provides that "the court or judge may upon good cause shown in furtherance of justice extend the time within which any of the acts mentioned in § § 5467 and 5474 may be done, or may, after the time limited therefor has expired, fix another time within which any of such acts may be done." Section 5722 provides that "the time

within which any proceedings in an action must be had after its commencement, except the time within which an appeal must be taken, may be enlarged upon an affidavit showing grounds therefor by a judge of the court. The affidavit or a copy thereof must be served with the order or the order may be disregarded." From these provisions it will be observed that they give power to the courts in general terms, and in some instances in reference to special matters, to extend the time within which proceedings to be taken or acts to be done may be done in furtherance of justice. The only exception stated to this right is the right to appeal. The statutes of Wisconsin contain a section almost identical to the provisions of § 5722, above cited. The Supreme Court of that state has held that under that section exceptions to findings of fact may be allowed after the time fixed for filing them has passed. *Board* v. *Pabst,* 64 Wis. 244, 25 N. W. 11. Under the practice in many states, exceptions to the charge must be made as soon as it is read, and courts hold that no exception is available to a party if made thereafter; and the reason for this is obvious. The purpose of an exception under that practice is to apprise the trial court that an error is claimed, that he may have an opportunity to correct it before the jury retires. The courts, therefore, for very good reasons, hold with strictness under that practice that exceptions must be noted as soon as the charge is delivered, and that, if not then done, such exceptions will not be considered on appeal. *Mallett* v. *Swain,* 56 Cal. 171. Under our Code the party desiring to except to instructions given in an oral charge has 20 days within which to do so under all circumstances. It therefore follows that the reason for strict adherence to the rule that exceptions shall be taken to a charge as soon as delivered, and before the jury retires, does not apply. No purpose is subserved, enabling the trial court to correct any errors, or prejudice or disadvantage ensues to the prevailing party, if the charge is not excepted to until after the 20 days have expired. The only objection that suggests itself to such extensions is that delays might be caused by which appeals would be retarded, to the injury of litigants with meritorious causes of action that ought to be spedily determined. The matter of extensions can be regulated by trial courts so that less injury would follow from extensions for good causes shown than would follow from a construction of the prvisions of the Code denying the right to such extensions in all cases. For these reasons we hold that the provisions of §§ 5298 and 5722, supra, are broad enough to, and do, empower the court, for good cause shown, and in furtherance of justice, to extend or enlarge the time for filing exceptions to instructions either before or after the time prescribed has elapsed. In this case the respondent showed good grounds for not excepting to the instruction within the time allowed, by an affidavit, the contents of which were not contradicted; and the trial judge acted within the discretion vested in him in making an order enlarging such time.

The instruction thus excepted to is as follows: "If the jury believe from the evidence that the defendant did have carnal intercourse with the wife of the plaintiff, as alleged in the complaint herein, your verdict should be for the plaintiff in such sum as you believe from the evidence will compensate him for the injury and damage he has suffered by reason of being deprived of the society, services, and comfort of his wife, if he was so deprived of any of them, and the distress and anxiety of mind occasioned thereby, including the mental suffering from the dishonor of the marriage bed, and the loss of the affection of the wife, in such an amount as you shall think, from all the evidence, the plaintiff is entitled to, to compensate him for such matters, to which you may add such amount for exemplary damages or punitive damages as you may think right." This instruction was excepted to for the reason that it assumed that the defendant was liable for exemplary damages. In other words, it is claimed that the jury should have been instructed in terms that, if the defendant was actuated by fraud or malice, then they might, in their discretion, assess exemplary damages. The instruction does not state to the jury the purpose of assessing such damages, nor does the charge elsewhere do so. They were simply told that exemplary damages might be added in such an amount as they deemed right, without giving the jury any rules to guide them in view of the evidence as given. Exemplary damages may be assessed when the defendant has been guilty of oppression, fraud, or malice, actual or presumed. § 4977. The amount of such exemplary damages in cases of this kind would necessarily vary according to the facts proven. Such damages would not be the same in cases where the offense is flagrant as in cases where the offense is shown to have been committed under circumstances of mitigation. The jury should have been instructed in terms that exemplary damages are to be assessed only when fraud or malice, actual or presumed, exists in the case, and that the amount of such damages should be assessed after weighing all the evidence, incriminating or mitigatory, in order to determine the amount. The jury should not have been left to construe the meaning of the words "malice" and "exemplary damages" as they saw fit, without any guidance from the court. The fact that in other parts of the charge they had been instructed as to the allegations of the complaint did not cure this omission. The instruction also assumes that the defendant suffered mental distress, and that he had also lost the affection of his wife, on account of the defendant's actions. Whether he had suffered in any way, or whether he had lost his wife's affections, on account of defendant's actions, were contested questions on the trial, and should have been left to the jury as facts to be determined by them. Some of these criticisms on the charge refer to matters wherein the court failed to instruct the jury. Such failure to instruct would not be ground for setting aside a verdict, unless a proper instruction em-

bodying these omissions was asked to be given in lieu of the faulty one. We are satisfied that the instruction as to exemplary damages was an invasion into the province of the jury, and took away from them the discretion given them by the statute. Affirmed. All concur.