(88 N. W. Rep. 1029.)

---

## Frank Talbot *vs.* Edwin L. Boyd.

---

### Breach of Contract—Measure of Damages—Exchange of Property—Evidence.

> Plaintiff and defendant entered into an agreement to exchange an equal number of bushels of wheat in February, 1898. The defendants' wheat being seed wheat, and the more valuable, plaintiff was to haul his wheat to the elevator, and deliver the storage tickets to defendant and was to pay storage charges until April 1st. Plaintiff was also to accept the seed wheat at defendant's residence, and haul the same to his own place. Plaintiff complied with all the terms of the agreement and demanded the seed wheat, which demand defendant refused to comply with, he having previously sold such seed wheat. *Held,* that the measure of damages for the breach of such contract would be the difference between the value of the seed wheat at the time and place it was to be delivered and the market value of plaintiff's wheat at the time of the refusal of the defendant to accept the tickets for the same.

### Statutory Measure of Damage.

> *Held,* that such damages are measured and determined under § 4985, Rev. Codes.

N. D. R.—6

**Contract for Exchange.**

> *Held,* further, that under § 3997, Rev. Codes, the provisions of § 3958, Id., apply to contracts for exchange of property, where the value of the property to be exchanged by either party is $50 or more.

**Same.**

> *Held,* also, that the measure of damages laid down in § 4985, Rev. Codes, applies to cases of breach of valid contracts of exchange of personal property.

**Verdict Sustained by the Evidence.**

> *Held,* further, upon a review of the evidence, that the verdict of the jury upon the question of the making of a contract by the parties and the delivery of a part of the property agreed to be exchanged by said contract is sustained by the evidence.

Appeal from District Court, Nelson County; *Fisk, J.*

Action by Frank Talbot against Edwin L. Boyd. Verdict for plaintiff. From an order denying a new trial, defendant appeals. Affirmed.

*Frick & Kelly,* for appellant.

*Fred A. Kelly,* for respondent.

MORGAN, J. This action was commenced in justice's court. The plaintiff recovered judgment in that court and in the district court. The action is brought to recover damages for breach of a contract to exchange personal property. The facts as set forth in the complaint are the following: That on or about February 14, 1898, the defendant agreed with plaintiff to exchange 375 bushels of seed wheat, then on defendant's farm, for 375 bushels of wheat belonging to plaintiff of the grade of No. 1 hard wheat; that plaintiff agreed to deliver his wheat at the elevator at Aneta before April 1st of that year, and to procure storage tickets therefor, and turn them over to defendant before said date; that all storage charges on said wheat were to be paid by plaintiff; that at the time of such agreement the defendant delivered to plaintiff one-half bushel of the seed wheat to be exchanged; that under such agreement the plaintiff was to receive defendant's wheat at defendant's place whenever the storage tickets for plaintiff's 375 bushels of wheat issued by the elevator at Aneta should be turned over to defendant before April 1st; that plaintiff tendered to defendant such storage tickets for 375 bushels of No. 1 hard wheat, and demanded the delivery to plaintiff of the balance of the wheat on defendant's place so agreed to be exchanged by him; that defendant refused to turn over said wheat, disclaiming any obligation to do so, and stating that the same had been by him sold to another. Damages were claimed in the sum of $71.25. The answer is a general denial, with a statement, claimed as a defense, that the contract set forth in the complaint was within the statute of frauds, and therefore not valid, as there was no delivery of any

portion of the property sold, nor any memorandum in writing as to the terms of the contract. The jury found a verdict in favor of the plaintiff for the sum of $60. On a motion for a new trial the trial court made an order granting a new trial and setting aside the verdict, unless plaintiff should remit all of said verdict except $30. The plaintiff so elected in writing, whereupon the motion for a new trial was denied. The appeal is from the order denying to grant the motion for a new trial. A statement of the case was settled, embodying all the evidence taken at the trial and a specification of the errorrs relied on for a reversal of that order. Four alleged errors are relied on in this court as the basis for obtaining a reversal of the order appealed from. We will notice them each in the order in which they are argued in appellant's brief.

First, it is claimed that the evidence fails to show that a contract was entered into. We have examined all of the evidence bearing on this as well as the other assignments of error. Whether a contract was entered into between the parties in relation to the wheat in question was a question concerning which the parties differed. There was a conflict in the evidence as to this point. According to plaintiff's testimony, the contract was complete and unconditional, and mutually agreed upon by the parties some time in February, 1898, and part of the wheat then delivered thereunder. He was corroborated by another witness, who was present during the negotiations. Whether the contract was actually entered into by the parties or not was submitted to the jury under proper instructions to the effect that, if not entered into as claimed by the plaintiff, he could not recover. The verdict of the jury in plaintiff's favor was supported by a clear preponderance of the evidence, and is therefore amply sustained by the evidence. It would result in no benefit to any one for us to discuss or review in detail the evidence bearing on this point.

The next error claimed is that the evidence does not establish that the plaintiff has been damaged in any way by reason of the refusal of the defendant to comply with the contract. This alleged error is based upon the theory that there is no evidence in the record as to the value of the wheat delivered by the plaintiff at the elevator at the time when the plaintiff tendered the tickets to the defendant. The time when the tickets were so offered to the defendant has not been precisely fixed by the witnesses for the plaintiff. The defendant testifies that they were tendered on March 1st. The plaintiff testifies that it was early in March. It was for the jury to determine on what day the tender was made. Whatever the day in March, the evidence showed what the market value of such wheat was, both at Lakota and at Aneta, during all of March after the 3d thereof; and, the jury having passed upon the question, and assessed the damages, our inquiry is directed solely to a determination of the question whether there is any evidence to support

such verdict. A reading of the testimony of the elevator agent convinces us that the verdict is sustained by competent and relevant evidence. In this connection it should be stated that the question of the insufficiency of the evidence to support the verdict was not raised by a motion for a directed verdict at the close of the taking of the testimony. Such a motion was made and denied at the close of the testimony on behalf of the plaintiff, but such motion was not renewed at the close of the testimony in the case, and is therefore conclusively deemed to have been waived. *Colby* v. *McDermont,* 6 N. D. 495, 71 N. W. Rep. 772; *Bowman* v. *Eppinger,* 1 N. D. 21, 44 N. W. Rep. 1000. It is claimed that the jury were erroneously instructed upon the measure of damages to be followed by them in assessing damages if they should find for the plaintiff. The instruction complained of is the following: "In case you find for the plaintiff, your verdict will be for such amount as you will find to be the difference, if any, between the value of the 375 bushels of seed wheat at the time and place it was to be delivered and the value at Aneta of the 375 bushels of wheat which was on deposit in the elevator at said date, together with interest thereon at the rate of 7 per cent. per annum from said date." The trial court treated the plaintiff as the buyer of the seed wheat and the defendant the seller. This was proper. Section 3998, Rev. Codes. He was the party who was to receive the seed wheat. As to the other wheat the defendant was the buyer. Section 3998 governs as to this question of buyer and seller in case of exchange of personal property. Under § 4985, Rev. Codes, the instruction was a proper rule as to the measure of damages under the evidence. Said § 4985 is as follows: "The detriment caused by a breach of a seller's agreement to deliver personal property, the price of which has not been fully paid in advance, is deemed to be the excess, if any, of the value of the property to the buyer over the amount which would have been due to the seller under the contract if it had been fulfilled." The evidence shows that the value of the seed wheat at the time and place when it was to be delivered to the plaintiff was 90 cents per bushel. The evidence also showed that the value of No. 1 hard wheat at Aneta on and from March 4th to March 31st ranged from 81 to 86 cents per bushel. The difference between 90 cents, the value of the seed wheat, and whatever sum was found as the market value of plaintiff's wheat during that time, would represent plaintiff's damage growing out of defendant's refusal to comply with the contract. Had the plaintiff and defendant entered into a valid contract under which the plaintiff was to purchase such wheat for a cash price, and defendant had refused to deliver the seed wheat, the measure of damages would have been the same. But in that case the cash price agreed on would have been a fixed sum, and would have fixed the sum due the defendant under the contract. In this case that which was agreed to be paid for the seed wheat was a

commodity,—that is, an equal number of bushels of No. 1 hard wheat,—and before it could be ascertained what would have been due the defendant under the contract in case of a breach of the contract the value in money of the wheat that the plaintiff was to deliver to the defendant must be determined, and this was what was done in this case. The instruction given was a correct statement of the law applicable under the evidence. The action was brought to recover damages for a refusal to comply with a contract of exchange of personal property. This case is equivalent to an action for damages for breach of a contract to sell personal property not paid for, and damages are to be measured by said § 4985. 11 Am. & Eng. Enc. Law (2d Ed.) p. 571. Damages under § 4988, Rev. Codes, are recoverable when there is a breach of an agreement to buy personal property.

It is urged that the contract was within the statute of frauds, and therefore not an enforceable contract, for the reason that no part of the seed wheat was delivered when the contract was entered into, and no part of the purchase price paid. It is claimed that the one-half bushel was delivered as a sample, with which the quality of the wheat was to be tested, and this one-half bushel then returned. The plaintiff claimed in his evidence, and was corroborated by another witness, that the one-half bushel was delivered to be retained by plaintiff, and that it was distinctly understood and stated between them when the contract was made that it was not to be returned to defendant, but was accepted as a part of the 375 bushels to be delivered later. These conflicting claims were submitted to the jury for determination under instructions that, if the plaintiff's claim was true, the contract was valid, and enforceable, and that if the defendant's claim was true, the contract was not valid, and plaintiff could not recover if they found the defendant's contention sustained by the evidence. Under § 3958, Rev. Codes, the delivery to the buyer of a part of the property sold at the time of the contract to sell renders the contract valid to the same extent as though he pays a part of the purchase price at such time. The passing of a consideration—that is, a part of the property or a part of the price—between the parties renders the contract valid and enforceable as to both, and the provisions of the statute are satisfied, and the fact that it was not in writing cannot be properly urged. Benj. Sales (6th Ed.) p. 163. Under the statute (§ 3997) the same rules are applicable in contracts for exchange of personal property as in contracts to sell for money so far as the statute of frauds is concerned. The same rules are also applicable so far as damages recoverable are concerned. Section 3998, Rev. Codes; *Dowling* v. *McKenney,* 124 Mass. 478.

The motion to strike out all of the testimony of the witness Tanton was properly denied. The ground was urged against such testimony that it did not tend to show the price of wheat at Aneta,

but at Lakota only, and that his testimony only covered a portion of the month of March. In the first place, the testimony was not objected to on these grounds, nor did the motion to strike out the testimony specify these objections as grounds for striking it out. We have read the testimony, and find that it related to the price of wheat at Aneta generally, as compared with the price at Lakota, which included the month of March on and after the 4th thereof. It was not error to refuse to strike this testimony from the record.

This disposes of all the errors assigned, and it follows that the order appealed from is affirmed. All concur.