(100 N. W. 722.)

---

W. E. HAYES v. MARTHA T. COOLEY AND A. W. COOLEY.

Opinion filed June 14, 1904.

**The Damages for Breach of Contract Under the Code Are Same as at Common Law.**

1. The rule laid down in section 4978, Rev. Codes 1899, for measuring damages which are recoverable for a breach of contract, is, in effect, the common-law rule, namely, compensation for all detriment proximately and naturally caused by the breach.

**On Breach of Contract to Thresh Grains, Loss of Grain by Exposure Too Remote as an Element of Damages.**

2. In an action for damages for the breach of a contract to thresh grain, which is not entered into under such special or exceptional circumstances that it may be reasonably inferred that other than the ordinary liability was contemplated by the parties, the loss of grain by exposure to storms is a remote, and not a proximate, consequence of the breach, and will not sustain a recovery.

**Special Circumstances — Pleading.**

3. Where, in such an action, one relies upon special circumstances attending the execution of the contract to show that other than the ordinary liability was contemplated, it is necessary to allege and prove them; otherwise the contract will be considered as having been made with reference to only such liabilities as would ordinarily follow its breach.

Appeal from District Court, Steele county; *Pollock, J.*

Action by W. E. Hayes against Martha T. Cooley and A. W. Cooley. Judgment for plaintiff, and defendants appeal.

Affirmed.

*Morrill & Engerud* and *E. J. McMahon,* for appellant.

If by the thresher's delay crops are exposed to storms, the fault is his and he must pay for them. Our statute on the rule of damages was intended to adopt the rule recognized by the great weight of modern authorities. Our statute is adopted from Field's Code, New York, which has excluded a clause therefrom, to wit: "Which the party in fault had notice at the time of entering into the contract or at any time before the breach, and while it was in his power to perform the contract upon his part." This is considered to be a proper restriction upon the measure of damages, and such limitation is recognized and adopted in several English cases. See Hadley v. Baxendale, 9 Exch. 341; also American cases, Gee v. Ry. Co. 6 H. & N. 211.

Our statute was intended to adopt the rule recognized by the great weight of authority. Hauser v. Pearse, 13 Kan. 104; Hammer v. Schoenfelder, 47 Wis. 455, 2 N. W. 1129; Holt Mfg. Co. v. Thornton, 68 Pac. 708; Schoemaker v. Acker, 48 Pac. 62; Goodloe v. Rogers, 61 Am. Dec. 205; Baldwin v. Blanchard, 15 Minn. 489; Hobbs v. Davis, 30 Ga. 423; Passenger v. Thornton, 34 N. Y. 634; McAfee v. Crofford, 13 How. 447, 14 L. Ed. 217.

*Asa J. Styles* and *F. W. Ames,* for respondent.

The rule limiting the recovery of damages to the natural and proximate consequences of the act complained of is universally admitted. Dubuque v. Dubuque, 30 Ia. 176.

There is no difference in the case where a piece of farm machinery is to be furnished for use in securing a crop, from where one is hired to thresh a crop; or where a servant leaves his master's service when harvest is on. Loss of crop is too remote as an item of damages. Fuller v. Curtis, 100 Ind. 237, 50 Am. Rep. 786, 5 Am. & Eng. Enc. Law, (1st Ed.) 14; Reich v. Bolch, 27 N. W. 507; Sycamore Marsh Harvesting Co. v. Sturm, 13 N. W. 202; McEwen v. McKinnon, 42 Am. Rep. 458, 11 N. W. 838, 8 Am. & Eng. Enc. Law, (2d Ed.) 583; Brayton v. Chase, 3 Wis. 456.

Loss of crop is too remote to be an element of damages. Prosser v. Jones, 41 Ia. 674; Fuller v. Curtis, 50 Am. Rep. 786.

YOUNG, C. J. The plaintiff seeks to foreclose a thresher's lien for threshing certain grain, consisting of wheat, oats, and barley, which was grown by the defendants in the season of 1902. The answer raises no issue as to the quantity of grain threshed by the plaintiff or as to the amount of his lien, but sets up a counterclaim

for damages for detriment alleged to have been sustained by reason of plaintiff's breach of his contract to thresh defendant's flax crop. The trial court found that "the plaintiff agreed to thresh the defendant's crop of flax, consisting of two hundred acres, at eighteen cents per bushel, said flax threshing to be done after the plaintiff had finished threshing for one Hedington; that plaintiff wholly failed to perform this contract; that the defendants used due diligence to get said flax threshed by others in the fall of 1902, and did procure one hundred acres of same to be threshed in the fall of 1902 at a cost to the defendants of $351.54 more than the price at which the plaintiff had agreed to thresh the same, the balance of the flax not being threshed during the said fall; that on said one hundred acres of flax so threshed in the fall of 1902 there was one bushel per acre wasted by reason of delay in threshing." The court also found that 400 bushels of flax was lost on the other hundred acres, which was not threshed during that fall, and that the value of flax was 70 cents per bushel. As conclusions of law, the court held: (1) That the defendants were entitled to recover, as damages for the breach of the contract, the sum they had to pay for threshing their flax in excess of the amount for which the plaintiff had agreed to thresh it, to wit, $351.54; (2) that the defendants were not entitled to recover for the 500 bushels of flax which was lost during the delay in threshing. The defendants have appealed from the judgment, and assign error upon the last named conclusion.

But one question is presented on this appeal, and that is whether the defendants are entitled, as matter of law, to recover the value of the 500 bushels of flax. The defendants contend that the trial court erred in rejecting this item of damage, and that the judgment should therefore be modified in this respect. The rule for measuring damages which are recoverable for a breach of contract, although variously stated, may be said to be compensation for all detriment proximately and naturally caused by the breach. Our Code (Rev. Codes 1899) section 4978, states the rule as follows: "For the breach of an obligation arising from contract the measure of damages, except when otherwise expressly provided by this Code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary coures of things would be likely to result therefrom. No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin." It is not claimed

that this statute either restricts or enlarges the common-law rule which has been recognized and applied in hundreds of cases in England and in this country. On the contrary, there is reason to believe that the codifiers attempted to embody in this section the rule of damages laid down in the leading cases of Hadley v. Baxendale, 9 Ex. 341, 23 L. J. Ex. 179, 17 Jur. 358, 26 E. L. & E. 398, and Griffin v. Colver, 16 N. Y. 489, 69 Am. Dec. 718, and the series of decisions following the rules therein formulated. See 1 Sedgwick on Damages, sections 144-159, and 1 Sutherland on damages, section 50. In Hadley v. Baxendale the court said: "Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, i. e. according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it." In Griffin v. Colver it was said that: "The damages must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract—that is, must be such as might naturally be expected to follow its violation; and they must be certain, both in their nature and in respect to the cause from which they proceed. The familiar rules on the subject are all subordinate to these. For instance, that the damages must flow directly and naturally from the breach of contract is a mere mode of expressing the first; and that they must not be remote, but proximate, consequence of such breach, and must be not speculative or contingent, are different modifications of the last." For other cases in which the rule is discussed see Sedgwick on Damages, supra. It is apparent, we think, that damages which are described as the "natural consequences of a breach" do not differ from those "which in the ordinary course of things would be likely to result therefrom," and that the rule authorizes compensation for all detriment which follows as a natural and proximate consequence of the breach, and prohibits a recovery for damages which are not natural and proximate consequences. In this, as in every case of this character, the difficulty lies, not in the rule, but in its application. The question is whether the destruction of the flax, which the trial court found was lost and destroyed after the plaintiff's breach of contract, and before the crop was finally

threshed, was the natural and proximate consequence of the plaintiff's failure to do the threshing at the time agreed upon.  If it was, the defendants are entitled to recover therefor.  If it was not, their loss is not within the rule of damages, and they cannot recover. The findings of fact do not state what the immediate and moving cause of the loss was.  Neither is the condition of the flax shown— that is, whether it was loose upon the ground, in shock, or in stack. The argument of appellant's counsel assumes that the loss occurred as a result of exposure to storms.  However that may be, it is certain that it was from a cause for which the plaintiff was not responsible under his contract.  In other words, it was directly from a cause over which he had no control, which operated after the time when he should have completed the threshing.  The most that can be said is that if he had performed his contract the flax would not have been exposed to the storms which destroyed it.

Upon the facts of this case we are compelled to hold, both upon principle and authority, that the defendants cannot recover the damages in question.  The fundamental error in their contention lies in the assumption that where a thresher has, by failure to perform his contract, exposed crops to storms, and they are thereby destroyed, the loss is the natural and proximate consequence of his breach of contract.  It is true, subsequent events may, and in this case they do, show that the loss would not have occurred but for the delay; but the indisputable fact remains that the storm is the direct and efficient cause of the loss, and for such loss, save under contracts resting upon exceptional circumstances, to which we will hereafter refer, he is not liable.  It is well settled that, where one's failure to perform his contract merely exposes property to destruction by causes for which he is not responsible, the supervening cause, and not his failure to perform, is the proximate cause of the loss.  This principle has been repeatedly applied in cases where liability was sought to be established against common carriers for losses of property by storm and flood, subsequent events showing that the loss would not have occurred but for the carrier's breach of contract. 1 Sedgwick on Damages, section 152; Daniels v. Ballentine, 23 Ohio St. 532, 13 Am. Rep. 264; Jones v. Gilmore, 91 Pa. 310; Dubuque W. & C. Ass'n v. Dubuque, 30 Iowa, 176; Morrison v. Davis, 20 Pa. 171, 57 Am. Dec. 695; Denny v. N. Y. C. Ry. Co., 13 Gray (Mass) 481, 74 Am. Dec. 645; also, Memphis Railroad Co. v. Reeves, 10 Wall. U. S. 176, 19 L. Ed. 909, in which the doctrine laid down in

the two cases last cited was expressly approved. In Morrison v. Davis, supra, goods which were being transported on a canal were injured by the wrecking of the boat, caused by an extraordinary flood. It was claimed that a lame horse used by the defendants delayed the boat, which would otherwise have passed the place where the accident occurred in time to avoid the injury. The court held that the proximate cause of the disaster was the flood, and the delay caused by the lame horse the remote cause; and that the maxim, "Causa proxima non remota spectatur," applied as well to the contracts of common carriers as to others. In Denny v. R. R. Co. supra, the defendants were guilty of negligent delay in transporting wool from Suspension bridge to Albany, and, while in their depot at the latter place a few days after, it was submerged by a sudden and violent flood from the Hudson river. The court held that the flood was the proximate cause of the injury, and the delay in transportation the remote one. For the same reason it has been held that where one who has been employed as a farm laborer in producing and caring for crops leaves before his term has expired, and a loss of crops ensues, the loss is too remote, and is not such a natural and proximate consequence of the breach of the contract as will authorize a recovery. Peters v. Whitney, 23 Barb. (N. Y.) 24; Riech v. Bolch, 68 Iowa, 526, 27 N. W. 507. See, also, McDaniel v. Crabtree, 21 Ark. 431; Hobbs v. Davis, 30 Ga. 423; Sledge v. Reid, 73 N. C. 440; Jackson v. Hall, 84 N. C. 489; Luce v. Hoisington, 56 Vt. 436. More clearly in point are those cases in which it is held that, "in actions for breach of an agreement to put a harvester in first-class order to enable the owner to cut and bind his grain therewith, damages arising from the loss of crops by reason of the machine not being in condition to cut and save the same are remote, and not the natural and proximate consequences of the act complained of, and are not recoverable." Osborn v. Poket, 33 Minn. 10, 21 N. W. 752; Wilson v. Reedy, 32 Minn. 256, 20 N. W. 153; Fuller v. Curtis, 100 Ind. 237, 50 Am. Rep. 786; Sycamore M. H. Co. v. Sturm (Neb.) 13 N. W. 202. The question we are considering was directly in issue in Prosser v. Jones, 41 Iowa, 674. In that case plaintiff sought to recover damages for injury to his grain consequent upon the defendant's refusal to thresh it. The court held that the loss was too remote to be recovered, and said: "The defendants undertook to do the threshing within a time fixed after notice to them. The contract cannot be interpreted so that

Sup. Ct.—14

it may be inferred that damages of this kind were within the contemplation of the parties when it was executed. The law does not hold one liable for all the consequences that may follow the breach of his contract. If it were so, his liability would be without a limit, for it would continue as far as the consequences of his act could be traced. But the law wisely limits liability to the direct and immediate effects of the breach of a contract. The losses and expenses set up in the petition are not of this character. They resulted remotely from the fact that defendants failed to thresh the grain, and are not the natural and proximate consequences of defendants' breach of the contract. Such damages are not recoverable."

So far as we are advised, no court of last resort has sustained a recovery for loss of crops in an action for the breach of an ordinary threshing contract. It is true—and in this the cases are agreed—a contract may be made under such exceptional and special circumstances that the loss of crops by storm, and a liability therefor, may reasonably be said to have been within the contemplation of the parties when they made it, and thus be considered the natural and proximate consequences of the breach. In such cases compensation for the loss may be recovered. Such is the case of Sneed v. Ford, 1 E. & E. 602. Houser v. Pearce, 13 Kan. 104, announces no differen rule. Both of these cases turned upon the exceptional circumstances under which the contracts were made, and do not modify the general rule which restricts the measure of damages to compensation for the detriment naturally and proximately caused by the breach. The findings in this case merely present the breach of an ordinary contract to thresh grain. The loss of crops which may follow the breach of such a contract is, as we have seen, a remote, and not a natural and proximate, consequence of the breach. If the contract in question in this case was in fact made under such special and exceptional circumstances that it could reasonably be concluded that the parties in making it contemplated that a loss by storm would follow its breach, it was necessary both to allege and prove the facts in order to thus characterize the contract and establish the plaintiff's liability for such loss. This was not done.

Judgment affirmed. All concur.

(100 N. W. 250.)

## DAMAGES.

NOTE—See reporter's note to Bidgood v. Monarch Elevator Co. on "damages," 9 N. D. 630. Measure of damages for breach of contract to buy ma-

chine and attachments is difference between contract price and market value. Minn. Thresher Mach. Co. v. McDonald, 10 N. D. 408. Exemplary damages, see Lindblom v. Sonstelie, 10 N. D. 140, 86 N. W. 357. Damages in contempt are limited to costs and expenses incurred by party because of the act of the accused. Twp. of Noble v Aasen, 10 N. D. 264, 86 N. W. 742. $800 in malicious prosecution not excessive. Merchant v Pielke, 10 N. D. 48, 84 N. W. 574. On breach of contract to sell bank stock, damages are the excess of the value of the property to the buyer, over the amount due on the purchase price. Patterson v. Plummer, 10 N. D. 95, 86 N. W. 111. On breach of contract to exchange wheat, the measure of damages is the excess, if any, of the value of the property to the buyer over the amount that would be due the seller if the contract had been fulfilled. Talbot v. Boyd, 11 N. D. 81, 88 N. W. 1026. To authorize treble damages for forcible ejectment, the entry must be forcible. Wegner v. Lubenow et al., 12 N. D. 95, 95 N. W. 442. Damages for pain and mental suffering recoverable, although not specially pleaded. Gagnier v. Fargo, 12 N. D. 219, 96 N. W. 841. On breach of contract to convey land, the measure of damages is the money paid on the contract with interest, if the vendor retains possession, and without interest if vendee retain possession. Kicks v. Bank, 12 N. D. 576, 98 N. W. 408. Mover of houses in streets of a city is liable to damages to a telephone company whose lines he injures. N. W. Tel. Co. v. Anderson, 12 N. D. 585, 98 N. W. 706. Where exemplary damages may be awarded, proof of defendant's wealth is proper. King v. Hanson, 13 N. D. 85, 99 N. W. 1085.

