(123 N. W. 283.)

---

SCULLY STEEL & IRON COMPANY, A CORPORATION v. S. A. HANN.

Opinion filed October 21, 1909.

**Pleading — Counterclaim — Sales — Damages.**

1. A counterclaim for damages for refusal to deliver certain repairs for machinery ordered by defendant from plaintiff, which order plaintiff accepted and agreed to fill, considered, and *held* not to state facts sufficient to entitle defendant to substantial damages.

**Same — Demurrer — Waiver.**

2. Plaintiff demurred to the counterclaim as first pleaded, which demurrer was sustained. Afterwards an amendment was permitted, but which amendment did not cure the defect. To such amended counterclaim plaintiff replied, both denying the facts alleged and demurring to their sufficiency in the same pleading. *Held,* that plaintiff by thus replying did not waive his right to challenge the sufficiency of the facts therein alleged to constitute a cause of action, and the court did not err in thereafter sustaining the demurrer and giving plaintiff judgment upon the note as prayed for in the complaint.

Appeal from District Court, Ramsey county; *Cowan, J.*

Action by the Scully Steel & Iron Company against S. A. Hann. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Burke, Middaugh & Cuthbert,* for appellant.

Filing an answer is a waiver of a demurrer previously interposed. De Boom v. Priestly et al., 1 Cal. 206; Pierce v. Minturn et al., Id., 470; Brooks v. Minturn, Id. 481; Bibend v. Kreutz, et al., 20 Id. 110, Hodgson v. Marine Ins. Co., 1 Cranch C. C., 569; Irwin v. Henderson 2 Id. 167; Brown v. Saratoga R. R. Co., 18 N. Y. 495; Barada v. Inhabitants of Carondelet, 8 Mo. 644; Hammersmith v. Avery, 1 West Coast Rep.

662; Anderson v. Northern Pac. Lumber Co., 21 Oregon 281; Madden v. Steamship Co. 86 Cal. 445; Barth v. Deuel, 11 Colorado 494; Young v. Martin 3 Utah 484; Lonkey v. Wells 16 Nevada 271.

The wrongful act of a party in refusing to fulfill a contract of sale is the proximate and natural cause of damages. Rev. Codes 1905, Sec. 6563; Vickery et al., v. McCormack, 20 N. E. 495; Culin v. Glass Wks, 108 Pa. St. 220; Field, Dam. 244; George Hammer v. A. A. Schoenfelder, 2 N. W. 1129; Cockburn et al., v. Ashland Lumber Co. 12 N. W. 49; Pacific Exp. Co. v. Darnell et al., 6 S. W. 765.

*Anderson & Traynor,* for respondent.

The objection, that the complaint does not state facts sufficient to constitute a cause of action may be taken any time. Caldwell v. Ruddy, 2 Idaho, 5; Burnham v. De Bevorse, 8 How. Pr. 159; Higgins v. Rockwell, 2 Duer 653; Montgomery County Bank v. Albany City Bank, 3 Seld. 404; Gould v. Glass, 19 Barb, 186.

FISK, J. Respondent sued appellant in justice court upon a promissory note. Defendant answered, merely alleging facts by way of counterclaim. Such answer was, in substance, as follows: That plaintiff is a foreign corporation engaged in the manufacture and sale of machinery and boiler fittings, plates, and supplies in the city of Chicago, and that defendant is engaged in the business of repairing machinery, including threshing rigs, boilers, etc., at Churchs Ferry, in this state. That on July 31, 1906 defendant placed with plaintiff an order, which was duly accepted by it, for a certain dome and extension and other machinery to be manufactured by plaintiff for defendant to be used in repairing a certain threshing engine and boiler then in defendant's custody for repairs, and which repairs were to be made in time for the threshing season of 1906. That on August 10th defendant notified plaintiff by telegram of the urgent demand for such dome and extension, and plaintiff replied, promising to ship same on the following Wednesday. On August 19th defendant wired plaintiff, asking if such dome and extension had been shipped, and subsequently received word from plaintiff refusing shipment thereof. The remainder of the answer, omitting the prayer for judgment, is as follows: "That the defendant was unable to procure a dome and extension and have the same manufactured at any place within the state of North Dakota, and by the time the defendant received notice from the plaintiff that it would not furnish the dome and extension the threshing season was well advanced. That, by reason of defendant's inability to complete the

—34—

threshing engine so in his hands, he has been subjected to severe criticism, and people who would have placed their work with defendant have refrained from doing so on account of defendant's delay in repairing the threshing engine, and the owner of said threshing engine is seeking to hold the defendant liable for damages largely in excess of $200, and defendant had to furnish the owner with an engine belonging to defendant, and solely by reason of the plaintiff's failure to manufacture and ship to the defendant said dome and extension, as it had agreed to do, the defendant was damaged in his reputation and business and has suffered injury in the sum of $200." To this answer plaintiff interposed a demurrer, which was sustained. Thereafter defendant was permitted to amend his answer, which he did by inserting after the words, "defendant had to furnish the owner with an engine belonging to defendant," the following: "for a period of over 20 days, the value of which engine was $10 per day." To this amended answer plaintiff filed a reply containing a general denial of the allegations thereof, and alleging that such counterclaim does not state a cause of action, and is not a proper matter for counterclaim. A jury trial was had which resulted in a disagreement. Thereafter the demurrer was argued by both parties and sustained by the court, whereupon judgment was rendered in plaintiff's favor, from which an appeal on questions of law alone was taken to the district court, where such judgment was affirmed. The case is here on appeal from the judgment of the district court. The rulings complained of are three in number, only two of which need be noticed, and those but briefly. They are stated in appellant's printed brief as follows:

"(1) The court erred in sustaining a demurrer, which had previously been overruled after the plaintiff had replied. Plaintiff's demurrer having been overruled, and he having replied to defendant's answer, plaintiff had waived any right under the demurrer.

"(2) The court erred in sustaining the demurrer to the defendant's answer on the ground that the facts set out did not constitute an answer and a counterclaim."

It seems to be appellant's contention that plaintiff by filing the reply to the alleged counterclaim waived its right thereafter to challenge the sufficiency of such counterclaim. There is no merit in such contention. The authorities cited by appellant are not applicable. The demurrer was not overruled as stated, but was sustained, and thereafter an amendment to the answer was permitted, to which

plaintiff in effect by its so-called reply both denied the truth of the allegations therein contained, and demurred to their sufficiency. As before stated, both parties thereafter participated in the argument of the demurrer. Whether they thought they were arguing the original demurrer or that included in the reply is not material. Nor is it material that plaintiff, contrary to the established practice, both replied and demurred in the same pleading, as no objection was made thereto. The fact remains that plaintiff at all stages of the case challenged the sufficiency of the counterclaim, and both parties argued the question of such sufficiency, and such question was submitted to and decided by the court. Even if the court had previously overruled the demurrer, he had the undoubted right to reverse his decision at a later time. Furthermore, the question as to the sufficiency of the facts alleged in the counterclaim to constitute a cause of action was not waived by the reply denying such facts. Rev. Codes 1905, § 6858.

Appellant's second contention is, in effect, that the facts alleged in the answer are sufficient in law to constitute a cause of action. In this we are also compelled to differ with counsel. If it should be conceded that such answer states facts sufficient to constitute a cause of action for mere nominal damages, still such concession would not affect the result in the least, and, furthermore, no such contention is made by appellant. That such counterclaim fails to allege facts entitling defendant to other than nominal damages is, we think, too plain for serious debate. The controlling rules governing this case are embraced in Rev. Codes 1905, §§ 6563, 6570, 6595. These sections provide:

"Sec. 6563. For the breach of an obligation arising from contract the measure of damages, except when otherwise expressly provided by this Code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom. No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin."

"Sec. 6570. The detriment caused by the breach of a seller's agreement to deliver personal property, the price of which has not been fully paid in advance, is deemed to be the excess, if any, of the value of the property to the buyer over the amount which would have been due to the seller under the contract, if it had been fulfilled."

"Sec. 6595. In estimating damages, except as provided by sections 6596 and 6597, the value of property to a buyer or owner thereof deprived of its possession is deemed to be the price at which he might have bought an equivalent thing in the market nearest to the place where the property ought to have been put into his possession and at such time after the breach of duty upon which his right to damages is founded as would suffice with reasonable diligence for him to make such a purchase."

The facts alleged in the counterclaim, when considered in the light of the statutory rules aforesaid, are clearly insufficient as a basis for the recovery of substantial damages. In this conclusion we find ample support in the authorities. Talbot v. Boyd, 11 N. D. 81, 88 N. W. 1026; Simpson Brick Co., v. Marshall, 5 S. D. 528, 59 N. W. 728.

To attempt a restatement of the reasons for such rules would be both unprofitable and useless. The authorities relied on by appellant's counsel are, we believe, each distinguishable from the case at bar as to the facts involved.

Judgment affirmed. All concur.