KAROLINA OSTER, Respondent, v. PETER OSTER and Barbara Oster, Appellants.

(193 N. W. 316.)

**Husband and wife — instruction as to exemplary damages for alienation of husband's affections not error in view of instruction that actual malice must be shown.**

Where, in an action brought by the wife for the alienation of the affections of her husband, the court instructs the jury that they can in no event return a verdict in favor of the plaintiff unless they find that the acts of the defendants on which the suit is predicated were occasioned by actual malice towards the plaintiff, no error was committed by the trial court in further instructing the jury that in event they find plaintiff entitled to recover, under the evidence and instructions, exemplary damages may also be awarded.

Opinion filed April 20, 1923.

Husband and Wife, 30 C. J. § 1023 p. 1148 n. 95, 97.

From a judgment of the District Court of Emmons County, *McKenna*, J., defendants appeal.

Affirmed.

*Lynn & Lynn* (*A. T. Faber*, of counsel), for appellants.

Note.—On allowance of punitive or exemplary damages in action for alienation of affections or criminal conversation, see note in 16 A.L.R. 1316.

On allowance of exemplary damages in action by wife for alienation of husband's affections, see notes in 46 Am. St. Rep. 477; 130 Am. St. Rep. 426.

See also 13 R. C. L. 1482, 1483; 3 R. C. L. Supp. 151; 4 R. C. L. Supp. 864.

Where the concurrent negligence of two or more persons contribute to the harm, but where the torts are individual and independent of each other, their combined influence may result in injury. It seems that the liability is not joint. Barton v. Barton, 119 Mo. App. 507, 94 S. W. 574; Haisler v. Haisler (Ia.) 127 N. W. 821.

*Giedt & Merkle (Scott & Cameron,* of counsel), for respondent.

This matter is not properly reviewable by this court. Jensen v. Clausen, 34 N. D. 637; State v. Glass, 29 N. D. 620.

Where an instruction relative to punitive damages is erroneous, the appellant can claim no error unless punitive damages were actually allowed. Mikelson v. Snyder, 43 N. D. 416.

CHRISTIANSON, J. The plaintiff brought this action to recover damages from the defendants for the alleged alienation of the affections of her husband, Jacob P. Oster, and the consequent loss of his society, support, and protection. The two defendants are husband and wife and are the parents of plaintiff's husband.

The answer is, in effect, a general denial. The case was tried to a jury and resulted in a verdict in favor of the plaintiff in the sum of $2,500. The defendants have appealed from the judgment entered on the verdict.

The defendants moved for a new trial on the grounds of excessive damages appearing to have been given under the influence of passion or prejudice; insufficiency of the evidence to justify the verdict; errors of law occurring at the trial and duly excepted to, and newly discovered evidence. In the order denying the motion, the trial court said that it was satisfied "that the verdict was not excessive; that it was not given under the influence of passion or prejudice; that there is ample evidence to sustain the verdict; that there is no substantial error either in the admission or rejection of evidence or the court's instructions to the jury; and the court also having carefully examined the affidavits in reference to the newly discovered evidence is not satisfied that this evidence, if given on a new trial, would in any manner change the result, for the reason that much of it is impeaching testimony, much of it relating to times not material and there being no sufficient showing that much of it could not have been produced on the former trial."

The only error assigned, which is argued and relied upon, on this

appeal is predicated upon the instruction to the jury authorizing the allowance of exemplary damages. The instruction complained of was to the effect that if the jury, under the evidence and instructions given, found the plaintiff entitled to any damages, they might in its sound judgment assess such exemplary or punitive damages, if any, as they believed the defendants ought to pay, not exceeding in all the amount claimed in the complaint. It is contended that this instruction is erroneous within the rule announced by this court in Lindblom v. Sonstelie, 10 N. D. 140, 86 N. W. 357. In our opinion the contention is not well founded in view of the other instructions given in this case.

Under our statute exemplary damages may be given "in any action for the breach of an obligation not arising from contract, when the defendant has been guilty of oppression, fraud or malice, actual or presumed." Comp. Laws, 1913, § 7145. In Lindblom v. Sonstelie, supra, oppression, fraud, or malice did not inhere in plaintiff's cause of action. In other words, in that case plaintiff might be entitled to recover and the jury might have found that the plaintiff had sustained detriment through the wrongful acts of the defendant so as to entitle plaintiff to recover compensatory damages, even though it did not find that the defendant was guilty of oppression, fraud, or malice. Yet, under the instructions in that case the jury was permitted to return a verdict for exemplary damages in case they found for the plaintiff. In other words the jury was instructed that exemplary damages could not be given unless they found the existence of a condition prescribed by the statute as a necessary prerequisite for the allowance of such damages. In the instant case, however, that situation did not exist. For, in this case the court, at the request of the defendants, specifically instructed the jury that inasmuch as the defendants were the parents of plaintiff's husband, that the jury could not find for the plaintiff at all in any amount unless they first found that the defendants in alienating the affections of the plaintiff's husband, were guilty of actual malice and ill will toward the plaintiff. That is, the court by specific instructions given at the request of the defendants, made actual malice an essential element of plaintiff's cause, so that under the instructions, the jury before finding in favor of the plaintiff at all must find the existence of the very condition which under the statute justifies the award of exemplary damages. Elsewhere in its instructions the court fully defined

the terms malice, actual malice, wilful and maliciously. The instructions defining these terms were eminently fair and no error has been predicated thereon.

In these circumstances, it seems to us too clear for controversy that the case is not within the rule announced by this court in Lindblom v. Sonstelie, supra, and that the defendants were not prejudiced by the instruction which permitted the jury to award exemplary damages. It will also be noted that the amount of the verdict in this case is quite reasonable. In the answer in this case the defendants specifically admitted that they were worth at least $50,000. The jury by its verdict found that the defendants wilfully and maliciously had alienated from the plaintiff the affections of her husband and deprived her of his society, support, and protection. It indeed seems quite unlikely that any portion of the verdict was imposed by way of example or punishment.

Judgment affirmed.

BRONSON, Ch. J., and BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.