[File No. 6371.]

W. J. KELLY and Thomas Davis, Respondents, v. STOCKGROWERS CREDIT CORPORATION, a Corporation, and Dugald Stewart and E. J. Watson, Appellants.

(263 N. W. 717, 103 A.L.R. 460.)

Opinion filed December 7, 1935.

*W. C. Crawford,* for appellants.

*C. H. Slarke,* for respondents.

BURR, J.    The Stockgrowers Credit Corporation brought action against these plaintiffs and one Waite claiming damages for trespassing upon its real estate.    Under a writ of attachment, the sheriff, on

September 5, 1931, levied upon a truck, wagon, two horses, and 80 acres of growing flax. However, he did not take the property into his physical possession but left it with Kelly taking his receipt therefor.

On September 11 Kelly notified the sheriff he would no longer be responsible for the property and surrendered it to the sheriff.

On September 18, 1931, the Stockgrowers Credit Corporation, having ascertained it had no deed to the land, but simply a mortgage thereon, filed with the register of deeds a dismissal and cancellation of the attachment; but the plaintiffs herein, according to the record in this case, did not receive word of the cancellation of the attachment until on or about October 2 and on said day immediately began the harvesting of the flax.

In this action the plaintiffs contend that by reason of the attachment of the crop of flax "remained unharvested until the same became valueless to the damage of the plaintiffs in the sum of $2000" and that the plaintiffs were deprived of the use of the rest of the property which depreciated in value, all to their further damage in the sum of $500.

The defendants deny liability and that the plaintiffs were damaged in any sum whatever.

The case was tried to a jury and judgment rendered in favor of plaintiffs in the sum of $193.75. The defendants appeal from the judgment, and from an order denying their motion for judgment notwithstanding the verdict or in the alternative for a new trial.

As stated by appellant in its brief, the court in the trial of the case, and "over the objections of the Defendants, permitted the Plaintiffs to show damage between the 4th day of September and the 2nd day of October. . . . The damages sought to be established all embraced the damages resulting to the crop of flax between the designated dates of September 4th and October 2nd, 1931." Appellants also claim "The damages alleged by the Plaintiffs to the growing crop of flax were caused by weather damage and also a band of sheep getting into the crop."

On the appeal defendants claim the trial court erred in admitting evidence as to damage to the crop between September 4 and October 2; that the plaintiffs failed to allege and prove that any damage sustained was not paid; that the record shows any loss was the result of the

negligence of the plaintiffs; that growing crops are not subject to attachment and any damage suffered by reason of the deterioration of the crop on account of failure of the plaintiffs to harvest the same was not chargeable to the defendants; that if the record shows the plaintiffs are entitled to damages, it is merely a nominal damage, and that the damages allowed were given under the influence of passion and prejudice.

The specification of error relative to the action of the trial court in admitting evidence as to damage which accrued to the crop between September 4 and October 2 is based, almost exclusively, on the theory that the attachment was in fact dissolved on the 18th of September, when the notice of cancellation was filed with the register of deeds, and that the damage caused by weather conditions and the band of sheep accrued after September 18.

Defendants allege growing crops are not subject to attachment and therefore the action of the sheriff was not attributable to them. Our statutes, providing for attachments, permit a creditor to "have *the property* of the defendant attached." Section 7537. "Property" includes real and personal property; and "personal property" includes money, goods, chattels, things in action, and evidences of debt. Section 7309 Compiled Laws. Growing crops are emblements and are to be "treated as chattels, with the usual incidents thereof as to seizure on attachment during the owner's life, and transmission after his death." Sparrow v. Pond, 49 Minn. 412, 52 N. W. 36, 16 L.R.A. 103, 32 Am. St. Rep. 571; Polley v. Johnson, 52 Kan. 478, 35 P. 8, 23 L.R.A. 258. There is no restriction on the kind of property which may be attached. Growing crops are property, and thus growing crops may be attached. The fact that the statute may not mention growing crops specifically does not prevent their attachment. Section 7547 tells how a levy under a warrant of attachment may be made, and when the levy is made "upon personal property which by reason of its bulk *or other cause* cannot be immediately removed," the sheriff levies by filing a notice with the register of deeds. Section 7549 requires him to serve notice of levy "upon the person in whose custody the same may be." This is the method adopted by the sheriff in the case at bar.

Our statute makes provision for the setting aside of an attachment

"upon the application of the defendant, or person who has acquired a lien upon or interest in the defendant's property after it was attached;" and further that after the warrant of attachment has been set aside "the court may, upon the application of any person aggrieved and with or without notice in the discretion of the court, direct that any notice filed for the purpose of attaching the property be cancelled of record by the register of deeds. . . ." Sections 7562 and 7565 Compiled Laws. Our statute further makes provision for discharge upon the application of the defendant when he furnishes an undertaking for discharge. Sections 7555 and 7556 Compiled Laws. There is also provision made for the release of the levy of attachment upon the demand of a third person claiming title or right to the possession of the attached property if the plaintiff fails to indemnify the sheriff. Section 7550 Compiled Laws. We do not find any specific provision to the effect that the attaching creditor may himself abandon the levy; but clearly there is nothing to prevent him doing so. However, it is equally clear that if he abandons the attached property and intends that the sheriff shall return it to the possession of the owner, he cannot relieve himself of liability accruing thereafter until he notifies the owner of the abandonment and offers to restore it in substantially the condition existing at the time of seizure.

In the case at bar the attaching creditor claims that as the attachment on the growing flax was made by filing notice of attachment with the register of deeds and thus constructive notice was given to subsequent purchasers and creditors etc., the filing of the cancellation with the register of deeds had equal effect as notice of an abandonment. It may be that the filing of this notice of abandonment would be notice to subsequent purchasers or creditors that they could deal with the owner without regard to the attaching creditor; nevertheless, it is not notice to the owner. The statute makes no provision for notice of abandonment to be given to the owner by any such method. It is clear that after the attachment of the flax the owners refrained from exercising dominion over it. They were deprived of the use of the flax, and until by actual notice they were informed of the cancellation, they had a right to assume the sheriff still exercised dominion over the crop. See Low v. Nc Smith (Tex. Civ. App.) 77 S. W. 32.

The remaining specifications of error are to the effect that the resultant loss was caused by the negligence of the plaintiffs in their failure to harvest the same at the proper time. While there may be some dispute as to when the plaintiffs in this case received notice of the abandonment of the attachment, there is ample evidence to justify the jury in determining that immediately upon receiving notice of the abandonment of the levy the plaintiffs began the harvesting of the crop and that sheep had damaged it prior to the beginning of harvest. That sheep damaged it afterwards also appears; but the court limited the damage to a time prior to the second of October and the verdict, as returned by the jury, indicates quite clearly the jury were governed by this restriction. It is quite clear the plaintiffs could have and would have harvested the crop much earlier had it not been attached, and it cannot be said that the weather damage or damage by reason of trespass by the sheep is speculative. It was the duty of the sheriff, as agent for the attaching creditor, to use ordinary care in the preservation of the crop, and this would mean the harvesting of the same at the proper time. It cannot be argued that had the attachment remained on the property until Christmas time so that the property was totally destroyed by elements and marauding animals, the owner would have no cause of action against the creditor.

The rule announced in Hayes v. Cooley, 13 N. D. 204, 100 N. W. 250, is not at variance with this view. In the case cited the measure of damages is held to be the amount which would "compensate the party aggrieved for all the detriment proximately caused by the breach of the contract," or which in the ordinary course of things would be likely to result therefrom. The owner of the property was not deprived of its possession as he was in the case here. Had plaintiffs attempted to harvest the crop, they would have been interfering with the possession of the sheriff. The property was taken out of their possession. It is clear the attachment was improvidently issued and the measure of damages in this case "is the amount which will compensate for all the detriment approximately caused thereby, whether it could have been anticipated or not." Section 7165 Compiled Laws. If by taking the property the plaintiffs were prevented from harvesting it at the proper time so that the harvest was delayed and the crop damaged by weather,

the detriment was proximately caused by the act of wrongful attachment and deprivation of possession, even though at the time of attachment the creditor did not anticipate any such result.

It is not sufficient to say that the action should be against the sheriff personally. The sheriff is the agent of the attaching creditor, and any apportionment of blame would lie between the attaching creditor and his agent rather than between the owner of the property and the agent.

It is said the plaintiffs failed to allege and prove that the damages sustained were not paid. No objection to the complaint specified specifically there was no allegation of nonpayment of damages. The case was tried on the theory that the damages were not paid, and so there is no merit in this objection.

It is said the damages returned were given under the influence of passion and prejudice; but this contention cannot be sustained. The plaintiffs testified they suffered no damage from the levy on the horses and wagon, etc. There is ample evidence showing the crop was injured. When attached the crop was ready for cutting and preparations made for harvest. Its apparent yield and value at that time were shown and also what it actually yielded when harvested. The damages allowed are very moderate, being less than $2.50 per acre, and the judgment is affirmed.

BURKE, Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.